(No. 17053.—Judgment affirmed.)
CARL A. MORRISON, Appellee, vs. THE FARMERS ELEVATOR
COMPANY et al.—(ROY SAVAGE, Appellant.)

*Opinion filed December 16, 1925—Rehearing denied Feb. 9, 1926.*

1. SECURITIES—*Securities act applies to co-operative associations for profit.* The Securities act applies to stock issued by all corporations issuing profit-sharing certificates, including co-operative associations incorporated for profit, such as a farmers' elevator company.

2. SAME—*when amendment of 1921 to section 37 of Securities act does not apply.* By the amendment of 1921 to section 37 of the Securities act the legislature intended to change a sale of stock in violation of the act from a transaction which was void without any action of the purchaser to one voidable only at his election; but where the transaction was void under the act of 1919, the amendment of the statute after the sale was made cannot make it a transaction voidable at the election of the purchaser, and in such case a failure to make the election will not defeat the action to recover the value of the stock.

3. SAME—*when tender of stock sold in violation of statute is sufficient.* In an action to recover the value of stock sold in violation of the Securities act, where the declaration alleges that the plaintiff brings into court and tenders to the defendant the shares of stock sold, the plaintiff may be permitted to make the tender in court after the close of the testimony.

4. SAME—*when party selling stock is presumed to know statute was not complied with.* In an action to recover the value of stock sold in violation of the Securities act, where the defendant who sold the stock was not a mere salesman or agent of the corporation to sell its stock but was a director of the corporation, he is conclusively presumed to have known whether the corporation had complied with the statute, and the proof need not show such knowledge.

5. SAME—*provision of Securities act for recovery of attorney's fees is valid.* The provision of section 37 of the Securities act allowing the plaintiff in an action to recover the value of stock sold in violation of the act to recover reasonable attorney's fees does not deny to the defendant the equal protection of the law.

6. SAME—*when certificate of the Secretary of State as to non-compliance with statute is sufficient to make prima facie case.* In an action to recover the value of stock sold in violation of the Se-

curities act, the certificate of the Secretary of State is sufficient to make a *prima facie* case that the statute was not complied with where it recites that he is keeper of the records and files in his office, that he has searched the records, documents and files and found no statement filed by or on behalf of the corporation whose stock the defendant sold.

7. SAME—*when improper testimony as to attorney's fees will not require reversal of a judgment.* Where the statute allows recovery of an attorney's fee the inquiry should be, not what an attorney thinks is a reasonable fee for the services rendered but what is a customary fee in cases where the fee is subject to contract between attorney and client; but the court is not bound by the testimony, and in an action to recover the value of stock sold in violation of the Securities act, testimony of an attorney as to what would be a reasonable rather than as to what would be a customary fee will not require a reversal of the judgment where the amount fixed is a proper fee.

APPEAL from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

HERRICK & HERRICK, for appellant.

A. B. DENNIS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This appeal is prosecuted from a judgment of the circuit court of Champaign county in favor of the plaintiff, Carl A. Morrison, against defendant Roy Savage. Plaintiff brought the suit to recover the amount paid by him, $400, for a certificate of stock in the Farmers Elevator Company of Homer, Illinois. A special count of the declaration alleged the stock was sold to plaintiff by defendant and A. J. Biers, duly constituted agents of the corporation for the sale of its stock, which corporation had not filed in the office of the Secretary of State the statement required by sections 7 and 9 of the Securities act, wherefore defendants were liable to the plaintiff for said sum of $400, together with his reasonable attorney's fees. Biers

was not served and the case proceeded to judgment against defendant Savage.

The elevator company was incorporated in 1917 with a capital stock of $10,000, divided into shares of the par value of $100 each. The by-laws provided no one should own or control more than five shares. The corporation was organized under the act of 1915, entitled "An act to provide for the incorporation of co-operative associations for pecuniary profit." (Smith's Stat. 1925, p. 699.) In 1918 the capital stock was increased to $20,000, and in November, 1920, again increased to $50,000. The purchase of stock was made by plaintiff in April, 1920. In 1924 the elevator company became insolvent. The suit was brought to the April term of court, 1925. Defendant pleaded the general issue and three special pleas. The first special plea alleged, in substance, plaintiff bought his stock about September, 1920, with knowledge of all the facts alleged in the special count, entered upon the discharge of all the duties and enjoyed the privileges of a stockholder from the date of his purchase until the commencement of the suit, whereby he ratified and confirmed the sale and waived any right to rescind. The second special plea is not materially different from the first. The third special plea averred plaintiff did not, prior to beginning his suit, elect to declare the purchase of the stock void and has no right to maintain the action. The court sustained demurrers to the special pleas, and defendant abided by his pleas. The cause was tried before the court without a jury, plaintiff's damages were assessed at $400, with $100 attorney's fees, and judgment rendered for plaintiff for $500.

Among the errors assigned, the constitutionality of the provision of the Securities act permitting the recovery of attorney's fees is denied. That is the ground for the appeal direct to this court.

The rulings of the court in holding and refusing propositions of law are assigned as error, and also that the

court admitted incompetent evidence. Appellant requested the court to hold as propositions of law that the Securities act did not apply to the sale of the stock of the elevator company; that unless defendant received a fee for the sale to plaintiff there could be no recovery; that unless the proof showed that defendant knew the corporation had not complied with the Securities act when he made the sale there could be no recovery; that plaintiff by his conduct and acts is estopped, and that the provision of the Securities act authorizing the recovery of attorney's fees is null and void. The court refused them and held as law propositions requested by plaintiff that the Securities act applied and that plaintiff was entitled to recover $400 and a reasonable attorney's fee.

Appellant contends that the Securities act does not apply to corporations organized under the act for the incorporation of co-operative associations for pecuniary profit. We cannot agree to that proposition. The act applies to stock issued by all corporations issuing profit-sharing certificates. The Farmers Elevator Company was organized for profit and issued profit-sharing certificates of stock. Its stock is defined by the act as in Class D. No securities in that class are permitted to be sold unless section 9 of the Securities act has been complied with by the corporation filing the statement with the Secretary of State required by said section. It is not pretended any effort was ever made by the corporation to comply with the statute.

The sale of stock was made by appellant to appellee in 1920. Section 37 of the Securities act in force at that time made every sale of securities in violation of the act void and the seller liable "upon tender to the seller or in court of the securities sold to the purchaser for the amount paid, together with his reasonable attorney's fees in any action brought to recover such amount." That section was amended in 1921 to read that every sale made in violation of the act "shall be void at the election of the purchaser,"

and the person who made such sale liable to the purchaser for the amount paid, upon tender to the seller, or in court, of the securities, and a reasonable attorney's fee in any action brought to recover.

It is insisted by appellant that even if the Securities act applies, the sale was not void but was voidable at the election of the purchaser; that he may elect to ratify or to rescind the sale, and that in this case appellee made no attempt to rescind the sale from the time he bought the stock, in 1920, until after the corporation became insolvent, in 1924, and as late as 1923 voted his stock by proxy at a stockholders' meeting, and that he learned in 1923 the corporation had not complied with the Securities act. The suit was begun in the spring of 1925, and it is argued appellee waived his right of election and is barred from maintaining his action. Appellee replies that the amendment of 1921 does not apply as the sale was made in 1920, and under the statute then in force it was void, and a thing that was void could not be made valid by the non-action of the purchaser. We have seen that by section 37 of the act of 1919, which was in force when the sale was made, it was void and the seller liable to the purchaser upon tender to the seller of the securities. The section as amended in 1921 makes the sale void "at the election of the purchaser." We think it must be assumed that in making the amendment the legislature intended to change the transaction from one which was void without any action of the purchaser, to one voidable only at his election. If the transaction was void when the sale was made, we do not think it was changed to one which was only voidable at the election of the purchaser. In our opinion the statute in force when the sale was made applies, and the court did not err in sustaining the demurrer to the special pleas and refusing to hold propositions of law requested by appellant.

It is further contended that appellee did not, before commencing suit, tender to appellant the securities, but that

after the close of the testimony he was permitted, over appellant's objection, to make the tender, and for that reason the court erred in rendering judgment. The declaration alleges the plaintiff brings into court and tenders to the defendant the four shares of stock. In addition to that tender appellee on the trial, at the conclusion of the testimony, tendered to appellant the four shares of stock. The statute requires the purchaser to "tender to the seller, or in court," the securities. What appellee did in that respect complied with the requirements of the statute.

It is also contended the proof does not show appellant knew, at the time of the sale, the corporation had not complied with the Securities act. Appellant testified that he was, up to the time of the sale of the stock to appellee, a director of the corporation and attended most all of the directors' meetings. He was not a mere salesman or agent of the corporation to sell its stock and is conclusively presumed to have known it had not complied with the Securities act.

A further contention of appellant is that the provision authorizing the recovery of reasonable attorney's fees is special legislation and unconstitutional. It is claimed the action is not in tort; that there is no implied contract relation between the parties, but the action is purely a statutory action and denies to the seller of securities the equal protection of the law enjoyed by others. We know of no constitutional right of appellant which is denied him by the act. The legislature has in several other instances authorized the plaintiff to recover attorney's fees in addition to other damages, and we do not know of any instance in which such an act has been held unconstitutional.

Appellant objected to the competency of the certificate of the Secretary of State that the corporation had not complied with the Securities act, and insists that in admitting it the court erred. The certificate of the secretary recited that he is the keeper of the records and files of the office of

the Secretary of State, that he had searched the records, documents and files of the office and found no statement filed by or on behalf of the Farmers Elevator Company of Homer, Illinois. In *People* v. *Love,* 310 Ill. 558, the court considered the sufficiency of the certificate of the Secretary of State as *prima facie* evidence that the Securities statute had not been complied with. The certificate in that case stated the corporation had not complied with the law by filing the statements required. The court held the certificate stated conclusions of the Secretary of State and not a condition of the records of his office; that the certificate which the statute made *prima facie* evidence was a certificate of the records of his office as to whether they showed the statements required had been filed. The certificate in the instant case was in substantial compliance with the statute.

A further objection is, that the court permitted proof to be made as to what would be a reasonable attorney's fee, when the proof should have been confined to what was a customary fee for such legal services. This court has said the inquiry should be, not what an attorney thinks is a reasonable fee for the services rendered, but what is a customary fee in such cases where the fee is subject to contract between attorney and client; (*Metheny* v. *Bohn,* 164 Ill. 495; *Lawrence* v. *Traner,* 136 id. 474;) but we have also held the court is not bound by the testimony of attorneys upon that question, but should, and will, take into consideration his own knowledge of the value of the services. (*Gentleman* v. *Sanitary District,* 260 Ill. 317; *People* v. *Gilbert,* 263 id. 85.) An attorney testified for appellee a reasonable attorney's fee for the litigation would not be less than $100. No proof on the subject was offered by appellant. The witness was not asked what would be a customary fee, but in view of the amount fixed and the fact that the court was not bound by the amount fixed by the witness, but had the right to, and we must assume did,

exercise his own knowledge of what would be a proper amount, we do not think the judgment should be reversed because the witness testified to what would be a reasonable instead of a customary fee.

The judgment is affirmed.     *Judgment affirmed.*