CHARLES CALDWELL, Appellee, *vs.* HUGH A. COLE.—(EDWARD P. COLE *et al.* Exrs. Appellants.)

*Opinion filed June 22, 1927—Rehearing denied October 7, 1927.*

1. ACTIONS AND DEFENSES—*statutory action for penalty does not survive without express provision.* A cause of action created by statute does not survive unless the statute provides for its survival, and an action for a statutory penalty does not survive the death of the wrongdoer.

2. SECURITIES—*action for money paid under void sale of securities survives as an action for money had and received.* As section 37 of the Securities law of 1919 declares void every sale made in violation of any provision of the law, a purchaser acquires nothing under such sale and whatever the seller receives is received without consideration, and in such case, without regard to the statute, the seller is liable to the purchaser in an action for money had and received for the amount paid for the stock, which action survives at common law.

3. SAME—*what does not show a contract of sale of securities.* A written agreement reciting that in consideration of one dollar, receipt of which is acknowledged by the second party, and the payment of $4000 by said party, said party waives the first dividend on certain stock, and that the first party, whenever the second party disposes of the stock, is to have a first option to purchase said stock at the same price that the second party is paying for the stock, is not evidence of a contract of sale of the stock by the first party to the second party.

APPEAL from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

LUCIUS, BUEHLER & LUCIUS, and CHURCH, McMURDY, HARPEL & WAGNER, (EDWARD B. LUCIUS, ERNST BUEHLER, ROBERT McMURDY, and HOWARD M. HARPEL, of counsel,) for appellants.

ROSENTHAL, KURZ & TIEDEBOHL, (JAMES ROSENTHAL, EDWARD R. TIEDEBOHL, and HOWARD M. OBERNDORF, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Charles Caldwell filed a claim in the probate court of Cook county against the estate of Hugh A. Cole, deceased, setting out that Cole on March 18, 1920, sold to Caldwell twenty shares of the common capital stock of the Cole Manufacturing Company, at $200 a share; that under the Illinois Securities law of 1919, which was then in force, the sale of any securities, with certain exceptions stated in the act, was prohibited in the State of Illinois unless such sale had been approved by the Secretary of State; that the sale of such shares by Cole to Caldwell was not within the exceptions mentioned in the act; that the stock of the Cole Manufacturing Company was not authorized by the Secretary of State to be sold and was not qualified for sale under the Illinois Securities act but the sale of such stock made by Cole to the claimant was in violation of the provisions of that act; that Caldwell tendered to Cole, in his lifetime, the twenty shares of stock which Cole had sold to him and demanded the return of the $4000 purchase money, besides his reasonable attorney's fees, as provided in section 37 of the Illinois Securities law, but Cole refused to comply with such demand. The probate court refused judgment on the claim and the cause was appealed to the circuit court, where the executors of the will of Cole moved to dismiss the claim on the ground that the cause of action alleged against the decedent was created by statute and did not survive against the executors. The motion was overruled and the cause was heard by agreement by the judge without a jury. A judgment was rendered against the defendant for $4000, and an appeal was taken by the executors to this court on the ground that the constitutionality of certain provisions of the Illinois Securities law was involved.

The appellants contend that the cause of action did not survive the death of Hugh A. Cole, and it was therefore error to overrule their motion to dismiss the suit. The

argument upon which this contention rests is that the cause of action is for a penalty; that it is created only by the statute, which does not provide for its survival. It is well settled that a cause of action created by statute does not survive unless the statute provides for its survival and that an action for a statutory penalty does not survive the death of the wrongdoer. (*Diversey* v. *Smith,* 103 Ill. 378; *Vestal Co.* v. *Robertson,* 277 id. 425; *Babcock* v. *Harrsch,* 310 id. 413.) Section 37 of the Illinois Securities law as adopted in 1919, which was in force at the time the transaction in question occurred, was as follows: "Every sale and contract of sale made in violation of any of the provisions of this act shall be void and the seller of the securities so sold and each and every solicitor, agent or broker of or for such seller, who shall have knowingly performed any act or in any way furthered such sale, shall be jointly and severally liable, upon tender to the seller or in court of the securities sold, to the purchaser for the amount paid, together with his reasonable attorney's fees in any action brought to recover such amount." (Laws of 1919, p. 364.) This section declares void every sale made in violation of any provision of the law. Every such sale or contract for sale was prohibited and no rights were acquired under it. (*Morrison* v. *Farmers' Elevator Co.* 319 Ill. 372.) By such a transaction the purchaser acquired nothing, and whatever the seller received was received without consideration. Without regard to the statute he was therefore liable to the purchaser, in an action for money had and received, for the money paid as the purchase price of the stock. The words of the statute added nothing to the liability which existed by reason of the void character of the contract. The right of action for money had and received survived at common law, and the motion to dismiss was therefore properly denied.

On the merits of the case the appellants contend that the evidence does not show any sale of stock by Cole to

Caldwell. The appellee introduced in evidence the following instrument:

"Article of agreement made this 18th day of March, 1920, by and between H. A. Cole, party of the first part, and Chas. Caldwell, party of the second part.

"*Witnesseth:* In consideration of one dollar ($1) receipt of which is hereby acknowledged by Chas. Caldwell, and the payment of four thousand dollars ($4000) by Chas. Caldwell, it is agreed by Chas. Caldwell that he waives the first dividend that may be declared upon the stock of twenty (20) shares of the Cole Manufacturing Company up to the amount of $10 per share, amounting to $200, which amount is to be withheld from the first dividend and to be applied to the credit of overdraft standing on the books of the Cole Manufacturing Company against W. D. Berry.

"It is also agreed between Chas. Caldwell and H. A. Cole that in case he severs connection, by death or otherwise, or ceases to work for the Cole Manufacturing Company, that he is to offer H. A. Cole his stock at not less than the two hundred dollars ($200) per share that he is paying for the stock, before selling it to anyone else.

H. A. COLE,<br>CHAS. CALDWELL."

The appellee introduced certificate No. 79 for twenty shares of stock of the Cole Manufacturing Company, incorporated under the laws of Illinois with a capital stock of $1,000,000, to Charles Caldwell, signed by H. A. Cole as president and dated March 19, 1920, and a cashier's check on the National City Bank of Chicago dated March 20, 1920, for $1958.87, payable to the order of Caldwell and indorsed by him to H. A. Cole or order, by H. A. Cole to W. D. Berry, and by W. D. Berry. He proved by an officer of the bank that Caldwell borrowed of the bank on the security of this certificate $2000, for which he gave his notes dated March 20, 1920, and received the cashier's check for that amount, the difference of $41.13 being the interest on the notes. The Cole Manufacturing Company was incorporated on January 21, 1919, and succeeded to the business and property of the Cole Manufacturing Company, which had been engaged in the making of stoves and furnaces for twenty-five or thirty years. Its owners were

H. A. Cole, his brothers and some others. The capital stock of the new corporation was $1,000,000, divided into 10,000 shares of the par value of $100 each, of which H. A. Cole subscribed for 6500, A. T. Cole, E. P. Cole and C. W. Brelsford for 1000 shares each, and W. L. Mc-Caskey and E. P. Stone for 250 shares each. Berry owned some stock in the old company. In 1918 H. A. Cole entered into a contract to buy the interests of his brothers, and stock in the new corporation was issued for the old corporation. On February 27, 1920, H. A. Cole bought 250 shares from Berry at $200 a share. All the stockholders, including Berry, had anticipated their dividends, at least in part, and Berry was indebted to the corporation in the amount to which he had anticipated his dividend. The evidence does not disclose whether he owned any stock after the sale of the 250 shares to Cole or not.

The appellants moved the court at the close of the plaintiff's evidence to exclude all the evidence offered by the plaintiff and find the issues for the defendants, and at the close of all the evidence the motion to find the issues for the defendants was renewed. The court erred in denying this motion. The appellee insists that the agreement offered in evidence clearly shows that he purchased twenty shares of stock at $200 a share from Cole, as to which he waived the first dividend. The contract purports, in its opening, to be between Cole, of the first part, and Caldwell, of the second part, and is signed by both of them, but the promises are all by Caldwell. The consideration stated is one dollar, the receipt of which was acknowledged by Caldwell, and the payment of $4000 by Caldwell. To whom this payment had been or was to be made is not stated and the receipt of the $4000 is not acknowledged by anyone. The $4000 was manifestly the consideration for the sale of the twenty shares of stock, for at the conclusion of the article, in the sentence in which Caldwell agrees, in case he severs connection with or ceases to work for the Cole Manufacturing

Company, to offer H. A. Cole his stock at not less than $200 a share before selling to anybody else, he refers to that amount as being the sum he is paying for the stock, but it is not stated that he is paying it to Cole. It is manifest that Berry had or was supposed to have some interest in this agreement, for the first dividend which may be declared on the stock, and which Caldwell agrees to waive to the amount of $200, it is stipulated is to be applied to the credit of an overdraft on the books of the company against Berry. Whether this amount was actually a lien on the stock or not it would very likely be so regarded by the company, which would require it to be provided for before the stock was transferred and a new certificate issued to the purchaser, and Cole, as the president of the corporation, would be interested in seeing that this was done. As president he would, no doubt, be interested in the person or persons who might by the purchase of Caldwell's stock obtain an interest in the corporation, and might desire for that reason to have an option for the purchase of the stock in case Caldwell should cease to be interested in the corporation. The article of agreement does not express a contract of sale of the stock by Cole to Caldwell, and there is no recital of such sale. The language of the contract is too vague and uncertain to prove the essential element of the plaintiff's case that Cole sold Caldwell the shares of stock which are the subject matter of this controversy.

In the view which we take of the case, that no contract of sale is shown, it is unnecessary to decide the constitutional question whether the sale, if there had been one, would have been prohibited by the statute, and if it had been so prohibited whether the statute would have been unconstitutional.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*