VAN HOUTUM *v.* ASSOCIATED BROADCASTING
CORPORATION.

1. Appeal and Error—Instructions—Amended Transcript.
    In action to recover sums paid for unvalidated stock in defendant
    corporation, charge to jury, as it appears in amended tran-
    script certified to by the trial judge, *held*, not, as a whole,
    misleading, confusing and prejudicial.

2. Same—Questions Reviewable—Saving Questions for Review.
    Claimed error in proceedings after jury had returned to court-
    room to render their verdict, to which defense counsel did not
    then object, nor bring the matter to the attention of the trial
    judge at the time of the taking of the verdict, nor recite it in
    the motion for a new trial or in the reasons and grounds for
    appeal, is not considered.

3. Licenses—Blue-Sky Law—Self-Appointed Agents.
    Under the blue-sky law, a self-appointed agent who furthers the
    sale of unvalidated stock is liable for sums paid therefor (CL
    1948, § 451.101 *et seq.*).

4. Same—Blue-Sky Law—Sales of Unvalidated Stock—Instruc-
    tions.
    In action to recover payments made for unvalidated stock, brought
    against defendant corporation and its agent, instruction rela-
    tive to proof necessary to constitute individual defendant as
    the corporation's agent, which did not indicate any ground for
    plaintiff's recovery inconsistent with the grounds set forth
    in the blue-sky law or fall short of the requirements of the
    statute *held*, not subject to the objection that jury was charged
    that individual's liability was the common-law liability of
    those who engage with others to do an act in violation of a

References for Points in Headnotes
[1] 3 Am Jur, Appeal and Error, § 1096; 53 Am Jur, Trial, § 555.
[2] 3 Am Jur, Appeal and Error, §§ 246, 262, 268, 695.
[5] 53 Am Jur, Trial, § 542.
[7] 53 Am Jur, Trial, §§ 539, 579.

statute which provides a penalty for its violation, rather than on the basis of a civil remedy provided for in the statute (CL 1948, § 451.101 *et seq.*).

5. SAME—BLUE-SKY LAW—RECOVERY OF PAYMENTS FOR UNVALIDATED STOCK—AGENTS—INSTRUCTIONS.

In an action to recover payments made for unvalidated stock, the court is not required to charge the jury as to the defendant agent's liability in the very words of the statute, it being sufficient if he states to the jury the substance of the requirements of the statute (CL 1948, § 451.101 *et seq.*).

6. SAME—BLUE-SKY LAW—OFFER TO RETURN PAYMENTS—CORROBORATION.

Refusal to admit testimony, in action to recover payments made for unvalidated stock, that defendant agent had settled with certain persons who had paid for stock in defendant corporation, as tending to corroborate an offer to return payments he claims to have made at a certain meeting of those interested in the corporation, *held*, not error, since such testimony of such settlement with other buyers was not corroborative of the agent's claimed offer (CL 1948, § 451.101 *et seq.*).

7. SAME—BLUE-SKY LAW—REFUND OF PAYMENTS MADE FOR UNVALIDATED STOCK—OFFER—INSTRUCTIONS.

Where jury found that defendant agent of defendant corporation had not made an offer to refund payments made for unvalidated stock in the corporation, it was not error for court to refuse to charge jury that plaintiffs were bound within a reasonable time to accept such offer (CL 1948, § 451.101 *et seq.*).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 12, 1949. (Docket Nos. 61, 62, Calendar Nos. 44,559, 44,560.) Decided January 9, 1950.

Separate actions by Richard Van Houtum and Martin Van Houtum against Associated Broadcasting Corporation and another for money paid on sale of stock in violation of blue-sky law. Cases consolidated for trial and appeal. Verdicts and judgments for plaintiffs. Defendants appeal. Affirmed.

*Allaben, Wiarda, Hayes & Hewitt,* for plaintiffs.

*Earl Waring Dunn* and *Alexander, Cholette, Buchanan, Perkins & Conklin* (*Paul E. Cholette,* of counsel), for defendants.

Reid, J. These 2 cases were consolidated for purposes of trial in the superior court of Grand Rapids, and are treated as consolidated for the purposes of appeal.

Each plaintiff filed a declaration alleging purchase of stock in Associated Broadcasting Corporation (hereinafter referred to as Associated), which stock was sold plaintiffs in violation of the Michigan blue-sky law.[*] Each suit was brought to recover moneys paid for the stock. From judgment for plaintiff in each case, defendants appeal.

Some of the facts recited or referred to herein were set forth in *Veenstra* v. *Associated Broadcasting Corporation,* 321 Mich 679, and for the most part only a portion of the facts recited in the *Veenstra Case* need be herein again repeated, the instant appeals having been brought on account of certain rulings and testimony not present in the *Veenstra Case.*

Defendant Leonard A. Versluis and one Roy C. Kelley were sole stockholders in Associated when Associated was organized in 1943. September 16, 1945, was the date set by Versluis and Kelley as directors for a change in the directors' operations of Associated from per-occasion rentals to a month-to-month rental basis in making rentals to customers. The change necessitated much additional capital, to provide which Versluis and Kelley as directors had voted to sell 50 shares of treasury stock of Associated at $2,000 per share.

---

[*] See CL 1948, § 451.101 *et seq.* (Stat Ann § 19.741 *et seq.*).— Reporter.

On September 10, 1945, there was a meeting at which Versluis, Kelley and some key men in the operation of Associated were present and in the discussion as to prospective buyers of stock, the names of plaintiffs were mentioned.

Plaintiff Martin Van Houtum testified that both Versluis and Kelley urged upon him the purchase of stock in a conversation subsequent to the meeting just referred to and said plaintiff testified he paid the money for the purchase of the stock to defendant Versluis personally.

Plaintiff Richard Van Houtum testified to similar actions of Versluis in reference to Richard Van Houtum's purchase of stock. Witness Kelley and defendant Versluis testified Versluis was not present when plaintiffs bought and paid for their stock.

The mounting cost of operation compelled Associated to take steps to raise more money. The Atlas Corporation of New York was interviewed by Versluis. In an effort to procure a loan from the Atlas Corporation or some other loaning agency, a new corporation was formed in New York, Associated Broadcasting System, the stock in which was never authorized by the Michigan corporation and securities commission to be sold.

On November 21, 1945, an informal meeting was held of persons interested in defendant Associated. Plaintiffs were offered and agreed to take stock in the new corporation in lieu of stock in defendant Associated upon condition, however, that plaintiffs release Associated, together with Versluis and Kelley, from all liability to plaintiffs. The new corporation stock as well as Associated stock had never been authorized by the Michigan corporation and securities commission to be sold. The stock in the new corporation was mailed to plaintiffs, who refused to accept the same. Plaintiffs rescinded their agreement to accept the stock in the new corporation and

brought the instant suits to recover for the moneys paid for purchase of stock in defendant Associated.

Defendant Versluis testified that at the meeting of November 21, 1945, he offered to return to any person who had bought stock in defendant Associated the money paid for such purchase. Plaintiffs and other witnesses testified that no such offer was made.

To obtain reversal of judgment against them, the defendants stress 6 questions as involved in their appeal.

First, that the charge of the court to the jury as a whole is misleading, confusing and prejudicial. This is a rather broad objection. It seems to have been aimed more particularly at a portion of the charge which as originally appearing in the record was confusing and unintelligible; later, however, the stenographer made an amended transcript of the charge, which was certified to by the trial judge, and in its amended form, the charge is not subject to the criticism recited in the first objection by defendants.

The second objection by defendants is that the trial judge erred in proceedings after the jury had returned to the courtroom to render their verdict. Defense counsel were present and did not object to what occurred at the taking of the verdict. The supposed error was not brought to the attention of the trial judge at the time of the taking of the verdict, was not recited in the motion for a new trial, and not recited in the reasons and grounds for appeal. Under such circumstances we do not consider the objection.

The third objection is that the trial judge erred by charging the jury that defendant Versluis' liability was the common-law liability of those who engage with others to do an act in violation of a statute which provides a penalty for its violation,

rather than on the basis of a civil remedy provided for in the statute, in support of which objection defendants recite the following excerpt from the charge:

"The statute which provides for this action and is referred to as the blue-sky law, which provides for this action and gives to the plaintiffs this right of action provides a penalty for violation of its requirements, and it is the law, therefore, that when a person engaged with others to do an act or to cause an act to be done in violation of the statute, that such person is equally responsible with the principal, that is, the person who committed the act. On the other hand, or in other words, all aiding or assisting or abetting in the commission of the offense are principals and each is severally liable.

"So if Mr. Kelley and Mr. Versluis engaged in a common enterprise, namely, the sale of this stock which had not been validated, and if Mr. Versluis committed acts in furtherance of the unlawful sale, whether he personally made the sale or not, he is responsible for the illegal sale as a principal.

"I hope you understand that. In order for him to be held liable it is not necessary that he personally made the sale or that he personally participated in the sale if he committed acts or agreed with others that acts should be committed or things done to bring about this sale, or did things to further or bring about the sale, aided and assisted and abetted in the sale, he is equally responsible as the principal who made the sale, which in this case so far as Mr. Versluis is concerned and as the corporation is concerned it is claimed was made by Mr. Kelley. * * *

"So if after considering all of the evidence in this case you are satisfied, and satisfied by a preponderance of the evidence, that is, if the plaintiffs have satisfied you by a preponderance of the evidence that Mr. Versluis did commit acts, that he did things in furtherance of this sale of this stock, that he aided and assisted and abetted in its sale,

then you would be justified in finding that he engaged in a common enterprise, that is, the unlawful sale of this stock with Mr. Kelley, and in which case you would be justified in finding him responsible for the sale. * * *

. "On the other hand, [if] after considering all the evidence you are satisfied by a preponderance of the evidence that Mr. Versluis did engage in a common enterprise, that he aided and assisted and abetted in the sale of this stock, and are not satisfied by a preponderance of the evidence that the offer was made on his behalf to return the money, then you would be justified in returning a verdict for both plaintiffs as against Mr. Versluis."

Concerning this portion of the charge, we consider that the court was instructing the jury in language respecting the acts of Versluis which (if the jury found Versluis committed such acts) showed Versluis to be an agent, self-constituted or otherwise, to sell the stock. Even a self-constituted agent is liable under the act. *Cleland* v. *Smart*, 321 Mich 46, 53. The charge did not indicate any ground for plaintiff's recovery inconsistent with the grounds set forth in the statute or falling short of the requirements of the statute. We consider the third objection, the objection to the quoted portion of the charge, not well taken, though the instruction could have been stated in simpler language. It was for plaintiffs, rather than the defendant, to object to the use of the word "abet" because the use of that word required of plaintiffs greater proof than that required by the statute. Defendant has thus no ground for complaining of the use of that word.

The fourth objection by defendants is that the court refused to charge the jury as to defendant Versluis' liability in terms of the statute. The court however stated to the jury the substance of the requirements of the statute so far as applicable and

was not necessarily required to state such requirements in the very words of the statute.

The fifth objection by defendants is to the effect that the court refused to admit testimony to the effect that Versluis settled with certain persons who had paid for stock in defendant Associated, as tending to corroborate the offer Versluis claims he made in the meeting of November 21st, hereinbefore alluded to. We think that testimony of such settlement with other buyers of stock does not corroborate Versluis' claim that he made the offer in the November 21st meeting which he (defendant Versluis) claims he there made.

The sixth objection by defendants is that the court erred in refusing to charge the jury that plaintiffs were bound within a reasonable time to accept the offer to refund which Versluis claims he made in the meeting of November 21st.

The court charged the jury plaintiffs could not recover if the jury found that Versluis made the offer to refund, which he claims he made, and that if plaintiffs refused to accept the refund and chose to stay with the corporation, then the verdict would be no cause of action. In view of the verdict, the jury must be considered as having found that Versluis did not make the offer to plaintiffs to refund, which he claims he made. There was, therefore, in view of such finding, no error under the sixth objection.

The judgment appealed from is affirmed. Costs to plaintiffs.

BOYLES, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.