NELSON *v.* O'DELL.

KILE *v.* SAME.

1. LICENSES—BLUE SKY LAW—TENDER OF STOCK IN COURT.
   Plaintiffs who had purchased stock in defendant corporation which·had not been accepted for filing by the corporation and securities commission complied with provisions of statute affording them right of action for recovery of purchase price by making tender of stock on trial in circuit court after commencement of action (CL 1948, § 451.120).

2. SAME—BLUE SKY LAW—TENDER—VALUE—EVIDENCE.
   Exclusion of evidence of value of stock at time plaintiff purchasers brought actions for·purchase price under blue sky law for stock which defendants had sold in violation of the act, *held*, proper, where plaintiffs made tender in court (CL 1948, § 451.120).

3. SAME—BLUE SKY LAW—ISOLATED TRANSACTION.
   "Isolated transactions," as term is used in provision of blue sky law excepting such transactions from operation of the act, refers to sales not made in the course of repeated and successive transactions of like character, the owner not being the issuer or dealer or the underwriter of the security (CL 1948, § 451.105 [c]).

4. SAME—REQUEST TO CHARGE—OWNERSHIP OF STOCK.
   Trial court's refusal to give a request to charge relative to corporate action claimed to have vested title to stock in individual defendant prior to transactions whereby plaintiffs acquired their stock which had not been accepted for filing by the corporation and securities commission did not constitute reversible error, where there was no dispute as to such action having been taken and issue of fact for determination was whether such individual defendant actually had purchased the stock and was the owner of the stock sold to plaintiffs and jury found such individual defendant had not been the owner of stock purchased by plaintiffs (CL 1948, § 451.120).

Appeal from Emmet; Campbell (Howard L.), J., presiding. Submitted October 8, 1952. (Docket Nos.

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur, Securities Acts § 43.
[1] Recovery of purchase price of sale in violation of blue sky laws. 87 ALR 107.

(50)

20, 21, Calendar Nos. 45,493, 45,494.) Decided December 9, 1952.

Separate actions by Carl G. Nelson and Leland M. Kile against Clair W. O'Dell and others under blue sky law. Cases tried together. Verdicts and judgments for plaintiffs. Defendants appeal. Appeals submitted together pursuant to stipulation. Affirmed.

*Donald K. Gillard,* for plaintiffs.

*John W. Bellamy,* for defendants.

Carr, J. These cases involve identical facts, were tried together in circuit court, and, pursuant to stipulation of the parties, the appeals from the judgments entered have been submitted in like manner. On or about July 13, 1948, each plaintiff purchased 500 shares of stock in the defendant corporation, Del-Lo Wood Products, Inc., paying therefor the sum of $5,000. Such payment was in each instance transmitted to and received by the corporation. It is conceded that at the time of such transactions the stock had not been licensed or qualified for sale or accepted for filing by the Michigan corporation and securities commission in accordance with the provisions of the so-called blue sky law (PA 1923, No 220 [CL 1948, § 451.101 *et seq.* (Stat Ann and Stat Ann 1947 Cum Supp § 19.741 *et seq.*)]).

Plaintiffs instituted their respective actions in April, 1949, for the recovery of the money paid for the stock. Each declaration specifically alleged the failure to comply with the provisions of the statute requiring acceptance by the commission for filing, except in specific instances, as a prerequisite to the sale of stock. The individual defendants Clair W. O'Dell, Joseph P. Loselle and James E. Conant were at the time of the purchases by plaintiffs in July, 1948, officers of the corporation, and liability was asserted against them on the ground that they had

aided and assisted in the transactions. By stipulation of the parties on the trial the case was dismissed as to Leona R. Loselle. The answers to the declarations denied in substance any violation of the statute, alleging that the stock sold to plaintiffs belonged to defendant Loselle individually, that the purchases made by plaintiffs were isolated transactions, and that they were exempted from the statutory requirement with reference to acceptance by the commission for filing.

Following the introduction of proofs on the trial, the issues in the case were submitted to the jury which returned verdicts in favor of the plaintiffs against all of the defendants. The latter have appealed, asserting that under the evidence in the case plaintiffs were not entitled to maintain their actions, that certain testimony was improperly excluded, and that the refusal of the trial judge to charge the jury as requested was prejudicial error requiring reversal.

Plaintiffs base their right to recover the money paid by them to the defendant corporation on the provisions of section 20 of the blue sky law (CL 1948, § 451.120 [Stat Ann § 19.760]) which reads as follows:

"Every sale or contract for sale of any security, not accepted for filing or otherwise exempt under this act or made contrary to any order of the commission, or made contrary to any provision of this act, shall be voidable at the election of the purchaser, and the person making such sale or contract for sale, and every agent of or for such seller who shall have participated or aided in any way in making such sale, shall be jointly and severally liable to such purchaser, upon tender to the seller or in court of the securities sold or of the contract made, for the full amount paid by such purchaser, together with all taxable court costs, in any action brought under this

section: Provided, That no action shall be brought for the recovery of the purchase price after 2 years from the date of such sale or contract for sale. No purchaser otherwise entitled shall claim or have the benefit of this section, who, having knowledge of the fact that such sale was made in violation of the provisions of this act shall have refused or fail within a reasonable time to accept the voluntary offer of the person making the sale to take back the securities in question and to refund the full amount paid by such purchaser."

Defendants insisted on the trial, and argue on these appeals, that the duty rested on plaintiffs to make tender to defendants, prior to bringing suit, of the stock they had purchased. They sought to introduce testimony for the purpose of showing that in April, 1949, the stock had value. Objection to such testimony on the ground of its lack of materiality was sustained by the trial court, and error is assigned on the ruling. The trial judge held that under the language of the statute, tender of the stock in open court on the trial was sufficient, and charged the jury accordingly. Each declaration contained an averment in terms tendering to defendants the certificates purchased by plaintiffs. The record further indicates that prior to the bringing of the actions plaintiffs caused defendants to be advised that rescission of the purchases was desired.

In support of their claim that plaintiffs were not entitled to maintain their actions without prior tender of the stock, appellants rely on *Joslin* v. *Noret,* 224 Mich 240. There, however, the case arose and was tried prior to the effective date of PA 1923, No 220. Plaintiffs' action was based on the claim that the stock they had purchased had not been approved for sale in manner and form required by the pertinent statute in effect at the time, that the act of the defendant was in consequence illegal, and that

under applicable principles of law they were entitled to rescind. It was held that the failure to make tender of the stock prior to the bringing of the action, such stock having value, defeated their attempted rescission. Our attention is also directed to other decisions of this Court with reference to the duty to make tender of property purchased as a condition precedent to the maintenance of an action based on rescission for illegality or fraud. However, such cases are not in point in the instant controversy. Plaintiffs' actions here are based wholly on the statute rather than on the common-law rule, and said statute, above quoted, expressly authorizes the tender to be made in court. The trial judge correctly held that the plaintiffs had complied with the requirement as to tender. A similar question was raised in *Freeze* v. *Smith*, 254 Mich 386, 394, where it was said:

"It is urged that no tender of that which the plaintiffs received was made before suit brought. Section 20 of the act, above quoted, expressly provides that such tender may be made 'in court,' and this was done."

In *Craig* v. *Wright*, 271 Mich 166, cited by appellants, no tender of the stock the purchase of which plaintiffs sought to rescind was made prior to the filing of briefs in this Court on appeal. In commenting on this situation it was pointed out in the opinion of the Court that the statute made tender a condition precedent "to recovery." The statement may not be construed, as counsel for appellants implies, as a declaration that such tender must be made *prior* to the *bringing* of an action based on the theory of rescission because of a violation of the statute. It is not inconsistent with the holding in *Freeze* v. *Smith, supra.* Plaintiffs complied with the condition of the statute as to tender by offering the stock to

the defendants on the trial in circuit court. It follows that the trial court was not in error in excluding testimony as to the value of the stock at the time the plaintiffs brought their actions.

On the trial of the case it was the position of the defendants, as indicated in their answers to the declarations, that the stock sold to plaintiffs belonged to defendant Loselle, that the other defendants were not concerned in the transactions, and that such sales were isolated transactions and as such within the exceptions set forth in section 5 of the blue sky law (CL 1948, § 451.105 [Stat Ann 1951 Cum Supp § 19.745]), particularly subdivision (c) thereof. Said subdivision has reference to isolated transactions not made in the course of repeated and successive transactions of like character, the owner not being the issuer or a dealer or the underwriter of the security.

Subdivision (n) of the cited section further excepts "The offering and sale by an issuer of its securities pro rata to its stockholders, provided they do not exceed 25 in number, and the subsequent offering and sale within 3 months after such offer of any unsubscribed portion of such securities to 1 or more stockholders upon terms not less favorable to the issuer than the previous offering." The proofs in the case indicate that, after plaintiffs made their offers to purchase stock in the corporation, certificates, each for 500 shares, were issued by the corporation to defendant Loselle, who immediately indorsed and returned them. Thereupon they were reissued to plaintiffs. It does not appear that plaintiffs were told they were purchasing Loselle's stock. They made their payments to the corporation, and it is a fair conclusion from the evidence in the case that each plaintiff believed that he was purchasing his stock from the issuer.

Apparently in support of the claim that Loselle had actually purchased the stock from the corporation in good faith and was the owner of it, testimony was offered for the purpose of showing that in March, 1948, the corporation made an offer to the stockholders to sell to each his pro rata share of the remaining authorized issue of capital stock, that such offer was rejected, and that thereafter, as it was claimed, Loselle obtained from the corporation the stock subsequently issued to plaintiffs. Based on such showing and claim, defendants submitted to the trial judge the following request to charge:

"It is requested that the court charge the jury that if the jury finds that on March 6, 1948, the stockholders turned down an offer on the part of the corporation to sell to each stockholder his pro rata share of the remaining authorized issue of capital stock of the corporation, then defendant Loselle had the right to buy any amount of the remaining authorized capital stock within 3 months thereafter, without the authority of the corporation and securities commission."

The requested charge was not given, and it is now insisted by appellants that its refusal was prejudicial error and that a new trial should be granted for that reason. It does not appear, however, that there was any dispute on the trial as to the action of the corporation referred to in the request. Neither do we find any indication that the right of defendant Loselle to purchase stock from the corporation was questioned. Rather, the issue was whether he had in fact done so and was the owner of the stock sold to plaintiffs. It was the claim of the latter that the certificates were first issued to Loselle by the corporation in accordance with a plan evolved for the sale of its securities, that such certificates were the property of the corporation, and that they were forwarded by its secretary to Loselle for the sole pur-

pose of having him indorse and return them for re-issuance to plaintiffs. Under the proofs the issue was one of fact for determination by the jury, and the trial judge properly submitted it in his charge. The verdicts which, as noted, were returned against all of the defendants indicate that the jury after weighing the testimony and drawing permissible inference therefrom found the facts to be as claimed by the plaintiffs and rejected defendants' claims. In view of the issues in the case and the findings of the jury, it is apparent that the defendants were not prejudiced by the failure of the trial judge to charge as requested. An analogous question was presented in *Van Houtum* v. *Associated Broadcasting Corporation,* 326 Mich 736, 743, where it was said:

"The sixth objection by defendants is that the court erred in refusing to charge the jury that plaintiffs were bound within a reasonable time to accept the offer to refund which Versluis claims he made in the meeting of November 21st.

"The court charged the jury plaintiffs could not recover if the jury found that Versluis made the offer to refund, which he claims he made, and that if plaintiffs refused to accept the refund and chose to stay with the corporation, then the verdict would be no cause of action. In view of the verdict, the jury must be considered as having found that Versluis did not make the offer to plaintiffs to refund, which he claims he made. There was, therefore, in view of such finding, no error under the sixth objection."

Incidental matters argued by counsel in their briefs do not require discussion. We find no reversible error in the case, and the judgments are affirmed. Plaintiffs may have costs.

ADAMS, C. J., and DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.