401 P.2d 417

**Doyle BULLARD and Ed Cook, Appellants,**
**v.**
**Daniel GARVIN and Lorraine Garvin, husband and wife, W. F. Cochran and Veronica Cochran, husband and wife, Appellees.\***
**No. 1 CA–CIV 20.**

Court of Appeals of Arizona.
May 6, 1965.
Rehearing Denied June 17, 1965.
Review Denied July 15, 1965.

---

\* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7510. The matter was referred to this Court pursuant to § 12–120.23 A.R.S.

**250**

Ronald McKelvey, Yuma, for appellant Doyle Bullard.

Cameron & Varga, by James Duke Cameron, Yuma, for appellant Cook.

O'Connor, Anderson, Westover, Killingsworth & Beshears, Phoenix, John H. Westover, Phoenix, of counsel, for appellees.

MOLLOY, Judge.

This is an appeal from a judgment rendered in favor of the plaintiffs by the court after a trial without a jury on a complaint alleging that the defendants, Bullard and Cook, sold to the plaintiffs stock in a Mexican corporation which was not registered with the Arizona Corporation Commission as required by Ch. 12, Tit. 44, A.R.S., and at a time when the defendants were neither registered dealers nor registered salesmen of securities as required by this chapter.

Though various defenses were presented at the time of trial, on appeal there is only one contention made and this revolves around whether or not the plaintiffs are foreclosed from any relief by reason of the fact that they did not formally tender back the stock in question to the defendants until the commencement of the actual trial of the case.

In their complaint, the plaintiffs had alleged that the stock had been deposited with the clerk of the court. However, apparently their attorney overlooked doing this and, when a motion to dismiss was made at the commencement of the trial, the plaintiffs' attorney, in resisting the motion, deposited the subject stock with the clerk of the court.

The trial court denied the motion and permitted the plaintiffs to put on proof of their case. This testimony disclosed that prior to the bringing of the action the plaintiffs had offered to sell back to the defendants the stock which had been purchased, had demanded their money back thereon and the defendants had refused. However, there had been no formal presentment of the stock to the defendants in connection with these conversations.

The statute under which the subject action is brought is A.R.S. § 44-2001 which reads as follows:

"A sale or contract for sale of any securities to any purchaser in violation of any provision of §§ 44-1841, 44-1842 or article 13 of this chapter, is voidable at the election of the purchaser, who may bring an action in a court of competent jurisdiction to recover the consideration paid for the securities, with interest thereon, taxable court costs and reasonable attorneys' fees, less the amount of any income received by dividend or otherwise from ownership of the securities, upon tender of the securities purchased or the contract made, or for damages if he no longer owns the securities."

The defendants have seized upon the word "tender," contending that it is a definite legal term with a definite and precise legal meaning. The argument is made that the subject statutes are "penal" in nature, that they should therefore be strictly construed, and that the legislative purpose in requiring "tender" is to relieve the courts from serving as a stakeholder in a gambling transaction. It is argued that were the plaintiffs in such an action not required to make tender of the stock that they purchased prior to filing an action, they could dispose of the stock during the pendency of the action should the stock go up in value, and thus the statute would have been used as a threat rather than as a remedy.

This court has not been able to accept these arguments. While there are penal provisions in the subject statute, it seems clear that the particular statute under which this action is brought is one providing for a civil remedy, and the court sees no need to apply rules of construction pertaining to penal statutes thereto.

Generally, statutes of this nature providing a remedy for those who may have been taken advantage of have been liberally construed in favor of the persons whom they are designed to protect. Securities & Exchange Commission v. C. M. Joiner Leasing Corporation, 320 U.S. 344, 64 S.Ct. 120, 88 L.Ed. 88 [1943]; 47 Am.Jur., Securities & Acts, § 3, p. 566; Annotations at 87 A.L.R. 61; and 163 A.L.R. 1052.

· The specific provisions of this statute permit a purchaser of securities sold in violation of the Act to sell the securities and still sue for damages. This seems to clearly negate the supposed purpose of the legislature in requiring a strict tender.

Cases construing similar statutes and holding similar conduct to be a sufficient tender are: Nelson v. O'Dell, 335 Mich. 50, 55 N.W.2d 723 [1952]; Repass v. Rees, 174 F.Supp. 898 [D.C.Colo.1959]; Morrison v.

Farmers' Elevator Co., 319 Ill. 372, 150 N.E. 330 [1926].

The reasoning of the court makes it unnecessary to determine whether there is any need to tender back stock which is worthless or whether there is any need to make a tender when the same would have been futile. This court holds that the offers that were made prior to suit together with the depositing of the shares of stock with the court at the commencement of the trial were sufficient "tender" under the subject statute.

Judgment affirmed.

HATHAWAY and KRUCKER, JJ., concurring.

NOTE: Judges STEVENS, CAMERON and DONOFRIO having requested that they be relieved from consideration of this matter, Judges HATHAWAY, KRUCKER and MOLLOY were called to sit in their stead and participate in the determination of this decision.