MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS *v.* CADE.

ERROR TO THE JUSTICE COURT, PRECINCT NO. 7, DALLAS COUNTY, TEXAS.

No. 522.  Submitted February 24, 1914.—Decided May 11, 1914.

Where a state statute has been held unconstitutional under the state constitution by an inferior state court, and subsequently has been upheld by the highest court of the State, this court, when the case is properly here under § 237, Judicial Code, must regard the statute as valid under the state constitution and consider only the question of its validity under the Federal Constitution, although intermediately this court has followed the decision of the lower state court.

The validity of a state statute under the commerce clause or the Act to Regulate Commerce cannot be attacked in a suit which is not based upon a claim arising out of interstate commerce.

A State may classify claims against persons or corporations where there is no classification of debtors and where the claims are not grouped together for the purpose of bearing against any class of citizens or corporations.

A state police regulation designed to promote payment of small claims
of certain classes and discourage unnecessary litigation respecting
them should not be set aside by the Federal courts on the ground
that claims of other kinds have not been included, where the legisla-
ture was presumably dealing with an actual mischief and made the
act as broad in its scope as seemed necessary from the practical
standpoint.

The Fourteenth Amendment does not require that state laws shall be
perfect.

In the absence of a construction by the state courts to that effect, this
court will not concede that a state statute confers its benefits only
upon natural persons who are plaintiffs in certain classes of actions
and not upon corporation plaintiffs.

A defendant corporation is not in a position to assail a state statute as
denying equal protection of the law because its benefits do not inure
to corporations which are plaintiffs.

If the classification is otherwise reasonable, a state statute does not
deny equal protection of the law because attorney's fees are allowed
to successful plaintiffs only and not to successful defendants. The
classification is reasonable.

A statute allowing an attorney's fee in cases involving small amounts
is not one imposing a penalty where it appears that the effect is
merely to require defendant to reimburse plaintiff for part of his
expenses.

This court follows the construction of the highest court of the State
to the effect that a statute imposing an attorney's fee on the defeated
defendant is limited to claims of an amount specified in the title.

The statute of Texas of 1909 imposing an attorney's fee on the defeated
defendant in certain classes of cases, as the same has been construed
by the highest court of that State, is not unconstitutional under the
equal protection provision of the Fourteenth Amendment. *Gulf,
Colorado & Santa Fe Ry. Co.* v. *Ellis,* 165 U. S. 150, distinguished.

THE facts, which involve the construction and constitu-
tionality under the equal protection provision of the Four-
teenth Amendment of a statute of Texas of 1909 imposing
an attorney's fee on the defeated defendant in certain
classes of cases, are stated in the opinion.

*Mr. Joseph M. Bryson, Mr. Aldis B. Browne, Mr.
Alexander S. Coke* and *Mr. A. H. McKnight,* for plaintiff
in error:

The act is void because in conflict with the due process and equal protection provisions of the Fourteenth Amendment.

The act is in part a regulation of, a burden upon and an interference with interstate commerce, contrary to subd. 3, § 8, Art. I, Constitution of the United States, and is in conflict with the Act to Regulate Commerce, and to that extent is void, and since the good, if any, and the bad in it are so intermingled that the one cannot be separated from the other, the act must fail in whole.

In support of these contentions, see *Adams Exp. Co.* v. *Croninger*, 226 U. S. 491; *Adams Exp. Co.* v. *New York*, 232 U. S. 14; *A., T. & S. F. Ry. Co.* v. *Matthews*, 174 U. S. 96; *Atlantic Coast Line* v. *Riverside Mills*, 219 U. S. 186; *Barbier* v. *Connolly*, 113 U. S. 27; *Barrett* v. *Indiana*, 229 U. S. 30; *Blake* v. *McClung*, 172 U. S. 259; *Bradley* v. *Richmond*, 227 U. S. 481; *Central R. R. Co.* v. *Murphey*, 196 U. S. 194; *C., R. I. & P. Ry. Co.* v. *Hardwick Elevator Co.*, 226 U. S. 426; *Chi., Mil. &c. Ry. Co.* v. *Polt*, 232 U. S. 165; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540; *Cotting* v. *Kansas City Stock Yards*, 183 U. S. 79; *El Paso & N. E. R. R. Co.* v. *Gutierrez*, 215 U. S. 97; *Employers' Liability Cases*, 207 U. S. 501; *Fidelity Mut. Life Ass'n* v. *Mettler*, 185 U. S. 308; *Ft. Worth &c. Ry. Co.* v. *Lloyd*, 132 S. W. Rep. 899; *G., C. & S. F. Ry. Co.* v. *Dennis*, 224 U. S. 503; *G., C. & S. F. Ry. Co.* v. *Ellis*, 165 U. S. 150; *G., C. & S. F. Ry. Co.* v. *Hefley*, 158 U. S. 98; *G., C. & S. F. Ry. Co.* v. *Thorn*, 227 U. S. 675; *Hale* v. *Henkel*, 201 U. S. 76; *Ill. Cent. R. R. Co.* v. *McKendree*, 203 U. S. 529; *Int. Com. Comm.* v. *L. & N. R. R. Co.*, 227 U. S. 88; *Kansas City Southern Ry. Co.* v. *Carl*, 227 U. S. 639; *M. K., & T. Ry. Co.* v. *Harriman*, 227 U. S. 657; *M., K. & T. Ry. Co. of Tex.* v. *Mahaffey*, 150 S. W. Rep. 881; *Mo. Pac. Ry. Co.* v. *Humes*, 115 U. S. 512; *Mondou* v. *N. Y., N. H. & H. R. R. Co.*, 223 U. S. 1; *Nor. Pac. Ry. Co.* v. *Washington*, 222 U. S. 370; *St. L., I. M. & So. Ry. Co.* v. *Wynne*, 224 U. S.

354; *St. L. & S. F. Ry. Co.* v. *Mathews,* 165 U. S. 1; *Sea-board Air Line* v. *Seegers,* 207 U. S. 73; *Simpson* v. *Shepard,* 230 U. S. 352; *Sinnot* v. *Davenport,* 22 How. 242; *Smyth* v. *Ames,* 169 U. S. 522; *Southern R. Co.* v. *Greene,* 216 U. S. 400; *Southern R. Co.* v. *Reid,* 222 U. S. 424; *Southern R. Co.* v. *Reid & Beam,* 222 U. S. 444; *United States* v. *Reese,* 92 U. S. 221; *Yazoo & Miss. Valley R. R. Co.* v. *Jackson Vinegar Co.,* 226 U. S. 217; *Yick Wo* v. *Hopkins,* 118 U. S. 356.

There was no appearance or brief filed for the defendant in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

This action was brought in the Justice Court to recover the sum of ten dollars and seventy-five cents alleged to be due as wages from the defendant (now plaintiff in error) to the plaintiff below, with an attorney's fee of nine dollars. The fee was claimed only by virtue of an act of the legislature, approved March 13, 1909, Laws, p. 93, now forming Arts. 2178 and 2179, Texas Rev. Civ. Stat. 1911. Defendant specially excepted to this part of plaintiff's claim, on the ground that the act was invalid as constituting a burden upon interstate commerce, contrary to the Commerce Clause of the Federal Constitution and the Act to Regulate Commerce and amendments thereof, and as violating the "equal protection" and "due process" clauses of the Fourteenth Amendment. Notwithstanding these contentions, judgment was rendered in favor of plaintiff for the amount claimed, including the attorney's fee. Under the local practice, no appeal lies from a decision of the Justice Court to a higher state court in a case involving less than twenty dollars, and so the judgment is brought directly here by writ of error for a review of the Federal questions.

The statute in question (including its caption) is set

forth in the margin.[1] This is the same act that was held invalid under the state constitution by the Court of Civil Appeals in *Fort Worth & D. C. Ry. Co.* v. *Loyd,* 132 S. W. Rep. 899, because of which decision this court, in *Gulf, Col-*

---

[1] "An Act to regulate the presentation and collection of claims for personal services or for labor rendered, or for material furnished, or for overcharges in freight or express, or for any claim for lost or damaged freight, or for stock killed or injured by any person or corporation, against any person or corporation doing business in this State, and providing a reasonable amount of attorney's fees to be recovered, in cases where the amount of such claims shall not exceed two hundred ($200) dollars, and declaring an emergency.

"SECTION 1. That hereafter any person in this State, having a valid, *bona fide* claim against any person or corporation doing business in this State, for personal services rendered or for labor done, or for material furnished, or for overcharges on freight or express, or for any claim for lost or damaged freight, or for stock killed or injured by such person or corporation, its agents or employés, may present the same to such person or corporation or to any duly authorized agent thereof, in any county where suit may be instituted for the same; and if, at the expiration of thirty days after the presentation of such claim, the same has not been paid or satisfied, he may immediately institute suit thereon in the proper court, and if he shall finally establish his claim, and obtain judgment for the full amount thereof, as presented for payment to such person or corporation in such court he shall be entitled to recover the amount of such claim and all costs of suit, and in addition thereto a reasonable amount as attorney's fees, provided, he has an attorney employed in the case, not to exceed twenty ($20.00) dollars, to be determined by the court or jury trying the case; provided, however, that nothing in this Act shall be construed to repeal or in any manner affect any provision of the law now in force giving a remedy to persons having claims of the character mentioned in this Act, but the same shall be considered as cumulative of all other remedies given to such a person or persons.

"SEC. 2. The fact that there is no law now in force in this State providing an effectual remedy for persons having such claims as are mentioned in this Act, creates an emergency and an imperative public necessity requiring the suspension of the constitutional rule requiring bills to be read on three several days, and this Act shall take effect from and after its passage, and it is so enacted.

"Approved March 13, 1909."

*orado & S. F. Railway* v. *Dennis*, 224 U. S. 503, reversed a judgment that included an attorney's fee, without passing upon the question whether the act contravened the Fourteenth Amendment. And see *Gulf, Colorado & S. F. Railway* v. *Thorn*, 227 U. S. 675. Since that time the Supreme Court of Texas, overruling the decision in the *Loyd Case*, has upheld the act under the Texas constitution, in *Missouri, Kan. & Texas Ry. Co. of Texas* v. *Mahaffey*, 105 Texas, 394. We must therefore now consider the Federal questions.

But first, we should note the construction placed upon the act by the state court of last resort. Section 35 of Article III of the constitution of 1876 declares that no bill except appropriation bills shall contain more than one subject, which shall be expressed in its title; "But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed." In the case last mentioned (105 Texas, 394, 398), the court construed the act as limited in its operation to the purpose expressed in the title, that is, as relating only to the collection of claims not exceeding two hundred dollars in amount, and as conferring no right upon persons having claims exceeding that amount which did not exist independently of the act. In reaching this conclusion, the court said: "Surely, the Legislature did not intend to limit attorney's fees to twenty dollars in a case involving one thousand dollars, and there is no apparent reason for allowing additional attorney's fee of twenty dollars in a case involving so large an amount, but there is a sound reason for allowing and limiting the amount of fee on small claims. If the claim be two hundred dollars, or less, and suit must be instituted, which makes an attorney necessary, it is a heavy tax on the claimant; therefore, if he present a just demand which is refused, the recovery of the full amount claimed shows that the demand of payment should have

been granted, and this law compels one refusing payment of such demand to pay the cost and attorney's fees, not to exceed twenty dollars. The limitation of the amount of the fee to twenty dollars and to cases in which an attorney has been actually employed practically implies that such action might be prosecuted without an attorney which in effect limits the amount of the claim to two hundred dollars, because the only court in which suits of that character could be instituted by non-professional claimants, without the services of an attorney, is that of justice of the peace, whose jurisdiction cannot exceed two hundred dollars, therefore, the limitation in the caption is in effect the same as that of the body of the law, because the proviso in the law can be harmonized with the title by no other construction."

So far as the present attack is founded upon the commerce clause and the Act to Regulate Commerce, it is sufficient to say that the judgment under review was not based upon a claim arising out of interstate commerce, and hence plaintiff in error does not bring itself within the class with regard to whom it claims the act to be in this respect repugnant to the Constitution and laws of the United States. *Seaboard Air Line* v. *Seegers,* 207 U. S. 73, 76; *Tyler* v. *Judges,* 179 U. S. 405, 409; *Hooker* v. *Burr,* 194 U. S. 415, 419; *Hatch* v. *Reardon,* 204 U. S. 152, 160; *Southern Railway Co.* v. *King,* 217 U. S. 524, 534; *Standard Stock Food Co.* v. *Wright,* 225 U. S. 540, 550; *Rosenthal* v. *New York,* 226 U. S. 260, 271; *Farmers Bank* v. *Minnesota,* 232 U. S. 516, 530; *Plymouth Coal Co.* v. *Pennsylvania,* 232 U. S. 531, 544.

Upon the other questions, plaintiff in error relies chiefly upon *Gulf, Colorado & Santa Fe Ry.* v. *Ellis,* 165 U. S. 150. In that case a previous act of the legislature of Texas (act of April 5, 1889, c. 107, General Laws, p. 131; Supp. to Sayles' Tex. Civ. Stat., Art. 4266 a; p. 768) was held repugnant to the Fourteenth Amendment. That act

allowed the recovery of plaintiff's attorney's fees in certain classes of cases, but only where the defendant was a railroad company, and it was adjudged to be invalid because it singled out a particular class of debtors and imposed this burden upon them, without any reasonable ground existing for the discrimination.   The classification was held to be arbitrary, because having no relation to the special privileges granted to this class of corporations, or to the peculiar features of their business, distinguishing *Missouri Pacific Railway Co.* v. *Humes*, 115 U. S. 512.

The present statute, however, differs in essential features.   It applies to claims "against any person or corporation doing business in this State, for personal services rendered or for labor done, or for material furnished, or for overcharges on freight or express, or for any claim for lost or damaged freight, or for stock killed or injured by such person or corporation, its agents or employés."   There is here no classification of debtors; the act bears equally against individuals and against corporations of any class doing business in the State.   It applies only to certain kinds of claims; but these cover a wide range, and do not appear to have been grouped together for the purpose of bearing against any class or classes of citizens or corporations.   Unless something of this sort did appear, we should not be justified in holding the act to be repugnant to the Fourteenth Amendment.   It is a police regulation designed to promote the prompt payment of small claims and to discourage unnecessary litigation in respect to them.   The claims included appear to be such as are susceptible of being readily adjusted by the party responsible, within the thirty days that must intervene between the presentation of the claim and the institution of suit.   We may imagine that some other kinds of claims might as well have been included; but it is to be presumed that the legislature was dealing with an actual mischief, and made the act as broad in its scope as seemed

necessary from the practical standpoint. As has been said
before, the Fourteenth Amendment does not require that
state laws shall be perfect; and we cannot judicially de-
nounce this act as based upon arbitrary distinctions, in
view of the wide discretion that must necessarily reside in
a state legislature about resorting to classification when
establishing regulations for the welfare of those for whom
they legislate. *Magoun* v. *Illinois Trust & Savings Bank*,
170 U. S. 283, 293; *Orient Insurance Co.* v. *Daggs*, 172
U. S. 557, 562; *Louisville & Nashville R. R.* v. *Melton*, 218
U. S. 36, 52; *Lindsley* v. *Natural Carbonic Gas Co.*, 220
U. S. 61, 78.

It is insisted that the benefits of the act are conferred
upon natural persons only; but this we cannot concede, in
the absence of a decision by the courts of the State giving
to it a construction thus limited. *Plymouth Coal Co.* v.
*Pennsylvania*, 232 U. S. 531, 546. And besides, plaintiff in
error is not in a position to assail the legislation on the
ground that corporation-plaintiffs are not included within
its benefits. *Rosenthal* v. *New York*, 226 U. S. 260, 271.

If the classification is otherwise reasonable, the mere
fact that attorney's fees are allowed to successful plaintiffs
only, and not to successful defendants, does not render the
statute repugnant to the "equal protection" clause. This
is not a discrimination between different citizens or classes
of citizens, since members of any and every class may
either sue or be sued. *Actor* and *reus* differ in their respec-
tive attitudes towards a litigation; the former has the
burden of seeking the proper jurisdiction and bringing the
proper parties before it, as well as the burden of proof
upon the main issues; and these differences may be made
the basis of distinctive treatment respecting the allowance
of an attorney's fee as a part of the costs. *Atchison,
Topeka &c. Railroad* v. *Matthews*, 174 U. S. 96; *Farmers'
&c. Ins. Co.* v. *Dobney*, 189 U. S. 301, 304; *McMullin* v.
*Doughty*, 68 N. J. Eq. 776, 781.

Even were the statute to be considered as imposing a penalty upon unsuccessful defendants in cases within its sweep, such penalty is obviously imposed as an incentive to prompt settlement of small but well-founded claims, and as a deterrent of groundless defenses, which are the more oppressive where the amount involved is small. In *Seaboard Air Line* v. *Seegers*, 207 U. S. 73, 77, the court sustained a state enactment that imposed a fixed penalty of fifty dollars upon common carriers, to be recovered by the party aggrieved, for failure to promptly adjust and pay claims for loss or damage to property while in the carrier's possession. In *Yazoo & Miss. R. R.* v. *Jackson Vinegar Co.*, 226 U. S. 217, 219, we upheld a state enactment that imposed a penalty of twenty-five dollars in addition to actual damages for failure to settle claims for lost or damaged freight within a limited time after written notice of the loss. And in *Kansas City Southern Ry.* v. *Anderson*, decided this term, *ante*, p. 325, we upheld the imposition of double damages in cases admitting of special treatment.

But we think it is not correct to consider this statute as imposing a penalty. The allowance is confined to a reasonable attorney's fee, not exceeding twenty dollars, where an attorney is actually employed; the amount to be determined by the court or jury trying the case. Manifestly, the purpose is merely to require the defendant to reimburse the plaintiff for a part of his expenses not otherwise recoverable as "costs of suit." So far as it goes, it imposes only compensatory damages upon a defendant who, in the judgment of the legislature, unreasonably delays and resists payment of a just demand. The outlay for an attorney's fee is a necessary consequence of the litigation, and since it must fall upon one party or the other, it is reasonable to impose it upon the party whose refusal to pay a just claim renders the litigation necessary. The allowance of ordinary costs of suit to the

prevailing party rests upon the same principle. 2 Bac. Abr. tit. Costs. Numerous cases in the state courts have sustained similar legislation. *Vogel* v. *Pekoc*, 157 Illinois, 339, 344, 346; *Burlington &c. Ry. Co.* v. *Dey*, 82 Iowa, 312, 340; *Cameron* v. *Chicago &c. Ry. Co.*, 63 Minnesota, 384, 388; *Wortman* v. *Kleinschmidt*, 12 Montana, 316, 330. If a reasonable penalty may be imposed for failure to satisfy a demand found to be just, it follows *a fortiori* that costs and an attorney's fee may be. See *Atchison, Topeka &c. Railroad* v. *Matthews*, 174 U. S. 96, 105; *Farmers' &c. Ins. Co.* v. *Dobney*, 189 U. S. 301, 304.

For these reasons, it seems to us that the statute in question is not repugnant to either the "equal protection" or the "due process" clauses of the Fourteenth Amendment.

*Judgment affirmed.*