NICASIO FELICIANO NEGRÓN ET AL., Plaintiffs and Appellees, *v.* PUERTO RICAN EXPRESS COMPANY, Defendant and Appellant.

No. 9379. Argued April 1, 1947.—Decided May 29, 1947.

*Charles R. Hartzell* and *Rafael O. Fernández* for appellant. *Bauzá & Bauzá* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

This appeal hinges on the constitutionality of a statute providing that whenever a workman or employee files a claim against his employer for any amount on account of compensation for work or labor done for said employer, or for compensation in case said workman or employee has been discharged without previous notice and without justified cause, if judgment should be rendered in favor of the plaintiff and the latter appears represented by a private attorney, attorney's fees shall be imposed on defendant. The statute further provides that if malice on the part of the defendant is shown, the judge shall adjudge him to pay to the complainant, by way of indemnity or liquidated damages, an additional sum of $50.00.[1]

In the present case, eight workmen, represented by their private attorney, filed a complaint against the appellant in the Municipal Court of San Juan, Second Section, and claimed $1,343.29; $1,202.80; $1,301.48; $1,301.48; $1,312.50; $1,083; $1,301.48; and $1,312.50, respectively, for extra hours worked. They also prayed that defendant be adjudged to pay to each of the plaintiffs the amount of $50 by way of indemnity plus interest, costs, and attorney's fees. The municipal court only ordered the defendant to pay to plaintiffs: $209.88; $209.88; $206.41; $206.41; $206.41; $206.41; and $206.41, respectively.

Both parties appealed to the district court, and after a trial *de novo* judgment was entered for plaintiffs in the following amounts: $95.37; $28.66; $86.01; $22.00; $106.13; $88.43; $27.50; and $31.18, respectively. Defendant was also

---

[1] Sections 1 and 14 of Act No. 10 of November 14, 1927 (vol. II p. 216) as amended by Act No. 17 of April 11, 1945 (Laws of 1945, p. 44).

ordered to pay interest at the annual rate of 6 per cent from the date of the judgment until the payment of said amounts, plus $200 as attorney's fees.

Although defendant appealed from the whole judgment, it confined its brief to the question of the imposition of attorney's fees.

 Appellant's contention is to the effect that that part of the statute which grants attorney's fees to the workman, even if he does not prove the whole claim, violates the constitutional clause of the equal protection of the laws. In case its contention should not prosper, it argues that, supposing the statute to be valid, its application in the present case is unconstitutional. Lastly, it urges that irrespective of the unconstitutionality of the law and of its application, the lower court erred in allowing an unreasonable amount for attorney's fees.

The statute in question, in granting attorney's fees to the workman who obtains judgment, is designed to protect a particular class, not in any suit brought against any person, but when the claim filed by them against the employer is for compensation on account of work or labor done, or for compensation in case said workman or employee has been discharged without previous notice and without justified cause.

The determination of whether the statute contravenes the constitutional clause of the equal protection of the laws depends on whether the Legislature, in granting this privilege in favor of one class and against another, acted arbitrarily. If the classification is otherwise reasonable, the mere fact that attorney's fees are allowed to successful plaintiffs only and not to successful defendants, does not render the statute repugnant to the equal protection clause. The positions of plaintiffs and defendants differ respectively. Plaintiff has the burden of seeking the proper jurisdiction and bringing the proper parties before it, as well as the burden of proof. These differences may be made the basis for applying to

either class a different rule respecting allowance of attorney's fees as a part of the costs. *Missouri, Kansas & Texas Ry.* v. *Cade,* 233 U. S. 642, 650.

We may presume that the workman is poor, that he needs his wages for a living, and that the employer, on the other hand, is better off economically speaking, thereby creating a marked difference between both classes.

To impose on the workman the payment of attorney's fees when it has been necessary for him to claim what is due him for services rendered to his employer, would be tantamount to reducing the price of his work by the amount he must pay to his attorney. The Government, under these circumstances, has a real interest in protecting him as a matter of public policy. And to impose on the employer the payment of fees not only protects the workman against the injustice of depriving him of a part of the value of his services; but it also tends to discourage the tendency of employers to force the workman to litigate, subjecting him to the incidents and delays of litigation, or to waive, by an unreasonable settlement, a part of what is legitimately due him, in order to receive only a part of the value of his work.

Appellant urges that the statute is not confined to allowing fees to plaintiff only when he obtains judgment for the whole amount claimed in the complaint, but that it allows them arbitrarily without taking into account whether defendant is justified in resisting the claim. This is true, but we should not overlook the fact that the statute does not allow a fixed amount for attorney's fees. It merely imposes them, leaving the determination of the amount to the sound discretion of the court. Under these circumstances, the court, when fixing them, should take into account, not for the purpose of allowing them, but in order to determine its amount, the degree of obstinacy of the employer, and consequently its discretion to fix the fees might range from a nominal sum, in cases of obstinacy, to an amount in proportion to the sum involved in the claim.

In the present case, since the claim involved is $10,158.53 and the judgment $485.28, we are of the opinion that the amount of $200 allowed as attorney's fees is not reasonable.

In our opinion, the imposition of attorney's fees should be modified by reducing them to $25. As thus modified, the portion of the judgment appealed from is affirmed.