20088

Jerry Wayne COKER, by his guardian ad litem, Dorothy Coker Wells, Respondent, v. PILOT LIFE INSURANCE COMPANY, Appellant

(217 S. E. (2d) 784)

*Messrs. James H. Watson* and *Carl G. Ferguson* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for Appellant,*

*Messrs. Marshall Abercrombie,* of Laurens, *Ronald L. Motley,* of Barnwell, and *William T. Jones, Jr.,* of Greenwood, *for Respondent,* cite:

August 21, 1975

BUSSEY, Justice.

This appeal is concerned with the liability of an insurer for attorneys' fees under the provisions of code section 37-167.1 (1974 Supp.) The defendant-insurer issued to the plaintiff-respondent, Jerry Wayne Coker, a disability insurance policy. Upon Coker's becoming totally disabled in an accident the insurer paid benefits under the said policy from November 1, 1967 to August 1971, when it discontinued such and refused to make any further payments. Action was commenced on behalf of Coker in September, 1973. The case came on for trial before the Honorable George Bell Timmerman, presiding in Laurens County on March 18, 1974. The jury returned a special verdict to the effect that Coker was disabled as that term was defined under the policy and the applicable law of the State of South Carolina. Following such, judgment was entered against insurer on March 21, 1974 for the amount due by the insurer through that date. The term of Court of Common Pleas of Laurens County adjourned *sine die* on March 29, 1974.

Thereafter on April 10, 1974, counsel for plaintiff served notice of a motion for the assessment of attorneys' fees under the provisions of aforesaid section 37-167.1, said motion being returnable before Judge Timmerman, still presiding in the 8th Judicial Circuit, at the Greenwood County Court House. Counsel for defense appeared and resisted such motion on numerous grounds, but it was stipulated that if plaintiff was entitled to attorneys' fees he was entitled to the maximum amount under the statute, to wit: $2,500.

The code section here involved provides, in pertinent part, as follows:

"Liability for attorneys' fees where insurer has refused to pay claim.

(1) In the event of a claim, loss or damage which is covered by a policy of insurance or a contract of a nonprofit hospital service plan or a medical service corporation and the refusal of the insurer, plan or corporation to pay such claim within ninety days after a demand has been made by the holder of the policy or contract and a finding on suit of such contract made by the trial judge of a county court or court of common pleas that such refusal was without reasonable cause or in bad faith, the insurer, plan or corporation shall be liable to pay such holder, in addition to any sum or any amount otherwise recoverable, all reasonable attorneys' fees for the prosecution of the case against the insurer, plan or corporation. The amount of such reasonable attorneys' fees shall be determined by the trial judge and the amount added to the judgment. In no event shall the amount of the attorneys' fees exceed one-third of the amount of the judgment or the sum of twenty-five hundred dollars, whichever is less."

Following a hearing the presiding judge awarded plaintiff attorneys' fees in the amount of $2,500, and the insurer now appeals.

Appellant's first contention is that the lower court had no jurisdiction to entertain the plaintiff's motion after *sine die* adjournment of the term of Court of Common Pleas in Laurens County. In support of this contention the insurer relies upon cases such as *Burns v. Babb,* 190 S. C. 508, 3 S. E. (2d) 247; *Eagerton v. Atlantic Coast Line R. Co.,* 175 S. C. 209, 178 S. E. 844; and *Shillito v. City of Spartanburg,* 215 S. C. 83, 54 S. E. (2d) 521. These cases all support the proposition that, with certain exceptions, when a trial judge adjourns his court *sine die,* he loses jurisdiction of a case finally determined during that term. In some of these cases not only had a particular term of court been adjourned *sine die,* but the presiding judge had departed the circuit. It is conceded that there are some exceptions to the general rule and none of the cases cited by the insurer is, we think, in point with or controlling of the situation here.

The insurer's liability for the periodic benefits through the time of trial had been finally determined prior to *sine die* adjournment of the Common Pleas Court for Laurens County, but its liability, if any, for attorneys' fees had not even been raised, let alone determined. Not only was Judge Timmerman still presiding in the circuit, but under the terms of the statute, he was the only judge who, absent some unusual circumstance not here present, had jurisdiction to determine such issue.

The statute clearly reflects that the determination of an insurer's liability for attorneys' fees is a matter for decision by the judge who tries the case. Until the main issue of liability under the policy has been tried and determined, the trial judge is in no position to determine whether or not the insurer had reasonable cause to refuse payment and defend. It is necessarily contemplated that such determination be made by the trial judge after the main issue is decided favorably to the insured. The statute provides that the amount of any attorneys' fees shall be "added to the judgment." In brief, the statutory language clearly contemplates, we think, a proceeding by the trial judge after the achievement of a favorable result by the insured, and hence, the proceeding for the assessment of attorneys' fees was not a case or issue finally determined prior to the *sine die* adjournment of the Laurens County Court of Common Pleas.

Appellant argues that the insured's claim for attorneys' fees should have been pled in his complaint and that only evidence introduced at trial of the principal issue should be considered by the court in determining whether or not the insured has a valid claim for attorneys' fees. We deem both of these contentions to be clearly without merit. We find nothing in the statutory language to support such contentions. To the contrary, we can conceive of the insurer, in most instances, objecting to allegations and/or proof of bad faith, or lack of reasonable cause for the denial of liability, being injected into the trial of the

main issue. Indeed we think that more often than not such would be prejudicial to the insurer. It follows that the trial judge, in determining an issue as to attorneys' fees, should consider any relevant evidence adduced upon trial of the main issue, and any other competent evidence relevant to whether or not there was lack of reasonable cause or bad faith on the part of the insurer in refusing to pay.

As to the procedural aspects of the case, we are inclined to the view that the preferable, though not exclusive, method for raising the issue of an insured's entitlement to attorneys' fees under the statute would be for the insured to draw the issue to the attention of the trial judge by motion, or otherwise, prior to the commencement of the trial. Such would enable the trial judge to carefully consider, during the course of the trial, any evidence adduced which was relevant to the asserted liability of the insurer for attorneys' fees. The trial judge could, then, in the event of a result favorable to the insured, consider any other evidence relevant to the issue of entitlement to attorneys' fees. Of course, there might well be instances where an insurer's bad faith or lack of reasonable cause would not become readily apparent until conclusion of the trial. While we make suggestions as to the preferable method for raising the issue, the statute is new and we are not prepared to hold that an insured is barred from relief because he did not raise the issue until some days after his success in the trial of the main issue in the case.

It is argued by the insurer that the code section has been applied retroactively by the trial judge and that such was error. It is pointed out that the initial denial of further benefits occurred in August, 1971 and that the statute was not enacted until 1972. The contention is without merit. As pointed out by the trial judge, insurer's refusal to pay was continual and it continued to refuse payment long after the enactment of the statute, and indeed throughout the trial upon the main issue.

The insurer contends that the section is unconstitutional, in violation of Article 3, section 34(IX), asserting that it is a special law where a general law can be made applicable. It points also to Article 9, section 2, which provides that "The General Assembly shall provide by general law for the formation, organization, and regulation of corporations and shall prescribe their powers, rights, duties, etc." We find nothing in the quoted section which precludes the reasonable classification of corporations in the general law enacted by the General Assembly. "With respect to persons and things, a law is general when it applies uniformly to all persons or things within a proper class, * * *." *State v. Hammond,* 66 S. C. 219, 44 S. E. 797. While perhaps unnecessary to a decision, it is not amiss to point out that the insurance business is affected with a high degree of public interest. See *La Tourette v. McMaster,* 104 S. C. 501, 89 S. E. 398 (1916) and *Hinds v. United Insurance Company of America,* 248 S. C. 285, 149 S. E. (2d) 771 (1966).

The code section in question applies uniformly to all persons in the class involved; is a general law and is not violative of Article 3, section 34(IX).

Finally, it is contended by the insurer that the evidence did not warrant a finding that its refusal to pay was without reasonable cause. In this State under disability policies, such as the one issued by the insurer here, one is deemed "totally disabled when he is no longer able to do his accustomed task, and such work as he has only been trained to do, and upon which he must depend for a living." *Taylor v. Southern States Life Ins. Co.,* 106 S. C. 356, 91 S. E. 326, 327 (1917) and *Blakeley v. Prudential Insurance Company of America,* 187 S. C. 263, 197 S. E. 670 (1938). Another judicial definition of total disability "is inability to do substantially all of the material acts necessary to the prosecution of the insured's business or occupation, in substantially his customary and usual man-

ner." *Berry v. United Life and Accident Ins. Co.,* 120 S. C. 328, 113 S. E. 141, 142 (1922).

A review of the evidence shows that while the insured had some limited ability to work, there is no evidence whatsoever that he was not "totally disabled" as that term has been consistently defined in the decisions of this Court. Indeed all of the evidence was to the effect that he was so totally disabled and we need not review such here. Under these circumstances a finding that the insurer had no reasonable cause for refusing payment is fully supported by the evidence.

The statute provides, *inter alia,* that in the event the judgment below is affirmed "the Supreme Court shall allow to the respondent such additional sum as the court shall adjudge reasonable as attorneys' fees of the respondent on such appeal." In considering what is reasonable in the instant case, we have taken into consideration the fact that the statute is new and the insurer, under the circumstances of this case, was warranted in challenging the procedure adopted by the insured. Under all of the circumstances we deem that a fee in the amount of $750 is a reasonable attorneys' fee for the respondent on this appeal and it is accordingly adjudged that the respondent shall recover such additional amount from the appellant.

While we think the appellant was justified in prosecuting the appeal, we conclude that it is not entitled to prevail. The judgment below is accordingly affirmed and the cause remanded for entry of judgment for the additional attorneys' fees hereinabove mentioned.

Affirmed and remanded.

Moss, C. J., and Lewis, Littlejohn and Ness, JJ., concur.