21636

John W. BRADLEY, Beverly J. Bradley, John C. Gilbreth and Cheri M. Gilbreth, Appellants-Respondents, v. Paul W. HULLANDER and Vivian Hullander, Respondents-Appellants.

(287 S. E. (2d) 140)

*David A. White and James C. Hardin, III*, Rock Hill, *for appellants-respondents.*

*Peter C. Murphy*, Columbia, *for respondents-appellants.*

February 8, 1982.

NESS, Justice:

This is an action for attorneys fees and costs. The trial court awarded plaintiffs-appellants Bradley $42,500.00 attorneys fees and $484.84 costs against defendants-respondents Hullander, pursuant to § 35-1-1490(2), Code of Laws of South Carolina (1976). Both parties appeal raising numerous issues. We affirm.

This case is before us for the third time. In the first appeal we affirmed the trial court's order overruling a demurrer. *Bradley v. Hullander*, 266 S. C. 188, 222 S. E. (2d) 283 (1976). The action, based on the Uniform Securities Act, was then tried by the lower court sitting without a jury. It found in favor of the plaintiffs, *Bradley, et al.* and we affirmed, awarding judgment in the amount of $149,746.41. *Bradley v. Hullander*, 272 S. C. 6, 249 S. E. (2d) 486 (1978). The second appeal dismissed the other causes of action involved leaving only for consideration the issue of the amount of attorneys fees and costs to be awarded. This award is the subject of the present appeal.

The trial court held § 35-1-1490(2) 1976 Code not to be violative of the Equal Protection Clause of the Fourteenth Amendment of the U. S. Constitution. Hullander appeals

alleging the statute is violative in that only the successful buyer is entitled to attorneys fees under the Code, and the defendant-seller is not afforded the same protection. We disagree.

Statutes are to be construed in favor of constitutionality, and the court will presume a legislative act is constitutionally valid unless a clear showing to the contrary is made. *Henderson v. Evans,* 268 S. C. 127, 232 S. E. (2d) 331 (1977); *Casey v. S. C. State Housing Authority,* 264 S. C. 303, 215 S. E. (2d) 184 (1975). No statute is subject to an equal protection challenge if the classification drawn bears a reasonable relationship to a legitimate state policy. *Missouri, Kansas & Texas Railroad Company of Texas v. Cade,* 233 U. S. 642, 34 S. Ct. 678, 58 L.Ed. 1135 (1914); *Alyeska Pipeline Service Company v. The Wilderness Society,* 421 U. S. 240, 95 S. Ct. 1612, 44 L.Ed. 2d 141 (1975).

Both *Missouri* and *Alyeska Pipeline* upheld the constitutionality of statutes which allow recovery of attorney fees only to successful plaintiffs.

"If the classification is otherwise reasonable, the mere fact that attorney's fees are allowed to successful plaintiffs only, and not to successful defendants, does not render the statute repugnant to the 'equal protection' clause." *Missouri, supra,* 233 U. S. at 650, 34 S. Ct. at 681, 58 L.Ed. 2d at 1138.

Requiring the unsuccessful defendant to pay the plaintiff's attorney's fees is a legitimate tool in enforcing the underlying public policy of the statute. *Alyeska Pipeline, supra.*

The Uniform Securities Act, S. C. Code, § 35-1, et seq. has been adopted in over thirty states. Am.Jur. 2d, Desk Book, Doc. No. 129. The Illinois Supreme Court has upheld the constitutionality of a similar state securities act in *Morrison v. Farmers' Elevator Co., et al.,* 319 Ill. 372, 150 N. E. 330 (1925) stating:

"We know of no constitutional right of appellant which is denied him by the act. The Legislature has in several other instances authorized the plaintiff to recover attorneys' fees in addition to other damages, and we do not know of any

instance in which it has been held unconstitutional." 150 N. E. 330 at 332. Also see *Pasfield, et al. v. Donovan, et al.*, 7 Ill. 2d 563, 131 N. E. 2d 504, 507 (1956).

We concur with the Illinois court's rationale and findings.

There are numerous instances where a member of a certain class may maintain an action and attorneys fees are allowed to the successful plaintiff alone, such as: claims by insureds against insurers for bad faith denial of policy claims.[1] Claims involving mechanic's liens;[2] and claims under the Federal Truth-In-Lending Act.[3]

We hold the costs and attorneys fees provisions of § 35-1-1490(2) (1976 Code) bear a reasonable relation to the legitimate policy objectives of the State of South Carolina and do not violate the Equal Protection Clause of the Fourteenth Amendment to the U. S. and S. C. Constitutions.

Next Hullander asserts Bradley is limited to recovering the amount of attorneys fees sought in Bradley's amended complaint. Hullander contends he relied upon this allegation and was surprised and prejudiced in that Bradley's supplemental petition sought fees in excess of the amount stated in the amended complaint. This argument has no merit.

Parties are entitled to amended pleadings under §§ 15-13-920 through 940, S. C. Code (1976) as necessary to grant proper relief. We have taken a liberal attitude toward allowance of amendments to increase the prayer for damages, and to allow additional elements of damage, *Anders v. Nash*, 256 S. C. 102, 180 S. E. (2d) 878 (1971). Hullander has made no allegation or showing that Bradley's actions misled them on the issue of attorneys fees. Hullander had ample notice of Bradley's amended claim for fees and costs which was filed twenty-one days before the hearing. In addition § 35-1-1490(2) clearly provides for recovery of reasonable

[1] See § 38-9-320, S.C. Code of Laws (1976) and *Coker v. Pilot Life Ins. Co.*, 265 S. C. 260, 217 S.E.2d 784 (1975 upholding its constitutionality).
[2] See § 29-5-20, S.C. Code of Laws (1976).
[3] 15 U.S.C.A. § 1640(a).

attorneys fees and costs incident to recovery by the plaintiff. There is no statutory requirement to plead the amount claimed, a mere claim is sufficient. Moreover, any allegation as to the *amount* of fees is not binding on the lower court's determination of what a reasonable amount would be.

We hold the trial court was correct in determining the fee without limitation of the allegations in Bradley's amended complaint.

Moreover, both parties allege the trial judge abused his discretion in determining the amount of attorneys fees. Bradley alleges the amount is too low and Hullander asserts it is too high. Neither argument has merit.

The trial judge properly based his determination of attorneys fees on the standards fixed by DR 2-106 Code of Professional Responsibility as incorporated in Rule 32 of the Rules of the Supreme Court of South Carolina and the criterion set out in *Darden v. Witham,* 263 S. C. 183, 209 S. E. (2d) 42 (1974). He considered (1) the nature, extent and difficulty of services; (2) the professional standing of counsel; (3) the beneficial results obtained; (4) the contingency of compensation, and (5) the time devoted to the case.

The amount of attorneys fees to be awarded under § 35-1-1490(2) rests within the sound discretion of the lower court and will not be disturbed absent an abuse. The various exceptions by both parties on this issue are without merit and a full written opinion would be of no precedential value. Thus these arguments are dismissed under Rule 23 of this Court.

Finally Bradley contends the trial judge erred in excluding as costs, expenses for client disbursements such as personal travel expenses, long distance phone calls, meal and lodging of expert witnesses, and other miscellaneous expenses as set out in paragraph 11 of their supplemental petition. We hold the statute does not permit these costs to be taxed against defendants and were properly disallowed.

"Costs" as used in § 35-1-1490(2) of the Uniform Securities Act is confined to "taxable costs" as defined under S. C. cost statutes such as § 15-37-10, § 15-37-40 and § 19-19-10, S. C. Code (1976). The trial judge properly awarded $484.84 costs and Bradley's exceptions are overruled.

The order of the trial court is affirmed.

LEWIS, C. J., LITTLEJOHN and HARWELL, JJ., and WILLIAM T. HOWELL, Acting Associate Justice, concur.