22215

SOUTHEASTERN HOME BUILDING & REFURBISHING, INC., Appellant, v. V. F. PLATT, Jr.; VFQ Associates, a South Carolina Limited Partnership, composed of Thomas D. Quinn, a/k/a T. Scott Quinn, General Partner; Coastal Country Jamboree, Inc.; Quality Gold, Inc.; Owens Steel and Machine Works, Inc.; Donald Richardson Landscaping, Inc.; Milo Myers, d/b/a Myers Well Drilling Company; Eaglewood, Inc.; Conway National Bank; Executive Tours and Travel; Lowe's of South Carolina, Inc., d/b/a Lowe's of Myrtle Beach, Inc.; and Low Country Security of Myrtle Beach, Inc., Defendants, Of Whom V. F. Platt, Jr.; VFQ Associates, a South Carolina Limited Partnership, composed of Thomas D. Quinn, a/k/a T. Scott Quinn, General Partner and V. F. Platt, Jr., Limited Partners are Respondents.

(325 S. E. (2d) 328)

Supreme Court

*Hudson & Sweeny*, Conway, *for appellant.*

*Van Osdell, Lester, Stewart & McCutchen*, Myrtle Beach, *for respondent V. F. Platt, Jr.* and *VFQ Associates, a South Carolina Ltd. Partnership.*

Submitted Dec. 14, 1984.

Decided Jan. 17, 1985.

HARWELL, Justice:

This mechanics' lien action was initiated by the appellant Southeastern Home Building and Refurbishing, Inc. against the respondents Platt and VFQ Associates. The trial court granted the respondents a partial summary judgment, and we affirm.

The sole issue before this Court is whether the attorney's fee provisions of the mechanics' lien statutes, S. C. Code Ann. § 29-5-10 (1983 Cum. Supp.) and § 29-5-20 (1976), deny defendants equal protection of the law in contravention of the United States and South Carolina Constitutions. §§ 29-5-10 and -20 allow the award of attorney's fees to prevailing claimants in mechanics' lien actions but provide for no fee award to prevailing defendants. We hold the attorney's fee provisions in §§ 29-5-10 and -20 unconstitutional.

The Fourteenth Amendment to the United States Constitution and Art. I, § III, of the South Carolina Constitution forbid denial by the State of equal protection of the laws. A court will declare a statute unconstitutional if its repugnance to the Constitution is clear and beyond reasonable doubt. *University of South Carolina v. Mehlman,* 245 S. C. 180, 139 S. E. (2d) 771 (1964). When the constitutionality of a statute awarding attorney's fees is questioned as a violation of equal protection, a court must determine whether the legislative classification is rationally related to the object of the statute. *See Bradley v. Hullander,* 277 S. C. 327, 287 S. E. (2d) 140 (1982); *Ramey v. Ramey,* 273 S. C. 680, 258 S. E. (2d) 883 (1979).

The statutes granting attorney's fees to successful plaintiffs and denying fees to prevailing defendants in mechanics' lien actions create a classification of otherwise similarly situated parties to a private contract. The classification, however, has no rational relationship to any legitimate State goal. The appellant contends that the goal of giving priority to claims regarding work performed and materials furnished justifies the classification. We disagree. Allowing attorney's

fees only to successful lien claimants bears no reasonable relationship to that goal. Indeed, authorizing fee awards to prevailing defendants, as well as plaintiffs, would not chill the laborer's right to seek relief in court.

The second alleged State purpose, that of easing the burden on the pocketbooks of laborers and materialmen, is admirable but does not justify placing an unfair burden on landowners and other defendants. *See Atkinson v. Woodmansee,* 68 Kan. 71, 74 P. 640 (1903). Nor should the dissimilar treatment of plaintiffs and defendants be upheld on grounds that the attorney's fees are "costs" of the plaintiff rather than a penalty against the defendant. Designation of attorney's fees as "costs" does not circumvent the fact that the attorney's fee provision grants a special privilege to one class of litigants at the expense of the other. *See Davidson v. Jennings,* 27 Colo. 187, 60 P. 354 (1900).

The appellant's suggestion that the plaintiff's role of bringing the parties into court and bearing the burden of proof supports the disparate treatment also lacks merit. A party's position as either the plaintiff or defendant does not alone justify superior treatment.

This Court has upheld the statutory allowance of atorney's fees to prevailing plaintiffs but not to defendants in securities fraud cases and actions against insurers for bad faith denial of policy claims. *See Bradley v. Hullander, supra; Coker v. Pilot Life Ins. Co.,* 265 S. C. 260, 217 S. E. (2d) 784 (1975). However, the mechanics' lien statutes differ from the security fraud and bad faith insurance situations in that no bad faith on the defendant's part is required before the statute authorizes fees.

We hold that the provisions of Code §§ 29-5-10 (1983 Cum. Supp.) and 29-5-20 (1976) dealing with attorney's fees are unconstitutional denials of equal protection to defendants.

The judgment below is, accordingly,

Affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.