19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cecil T. KINKADE, Petitioner-Appellant,
v.
James THOMAS, Warden; Attorney General of the State of
Arizona, Respondents-Appellees.
 No. 93-16711.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 9, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Cecil Thurman Kinkade appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Kinkade alleges that he was never arraigned and, therefore, the trial court was without jurisdiction to convict him of first-degree murder and robbery. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253. We affirm.
 
 
 3
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 111 S.Ct. 1818 (1993). To the extent it is necessary to review the district court's factual findings, the clearly erroneous standard applies. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). State court factual conclusions are entitled to a presumption of correctness under 28 U.S.C. Sec. 2254(d). Collazo v. Estelle, 940 F.2d 411, 415-16 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992).
 
 
 4
 Kinkade alleges that he was never arraigned and, therefore, the trial court was without jurisdiction to convict him of first-degree murder and robbery. However, the record indicates that Kinkade was arraigned.
 
 
 5
 The district court found that the record established that Kinkade was arraigned on 21 June 1982. The district court properly presumed correct the Arizona Court of Appeal's finding that Kinkade was present at the arraignment and that a plea of not guilty was entered. See 28 U.S.C. Sec. 2254(d); Collazo, 940 F.2d at 415-16. Because this finding is supported by the record, we conclude that it is not clearly erroneous.
 
 
 6
 Even if Kinkade could present evidence to overcome the presumption of correctness of the state court's findings, his failure to raise this issue on direct appeal operates as a waiver of the objection. See Garland v. Washington, 233 U.S. 642, 646 (1914) (holding that when a criminal defendant proceeds as if he had been arraigned and fails to object until after conviction, he has waived the objection).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3