503 S.E.2d 458

**Gayle H. TAYLOR, deceased, by her personal representative Thomas Calvin Taylor, and Thomas C. Taylor, Respondents,**

v.

**Rajko D. MEDENICA, M.D., and Cancer–Immuno Biology Laboratory, Inc., Defendants,**

**of whom Cancer–Immuno Biology Laboratory, Inc., is Appellant.**

**No. 24808.**

Supreme Court of South Carolina.

Heard May 14, 1998.
Decided June 22, 1998.

M. Dawes Cooke, Jr., and Matthew H. Henrikson, of Barnwell, Whaley, Patterson & Helms, LLC, Charleston, for appellant.

Terry A. Finger, of Finger & Taylor, P.A., Hilton Head; Andrew M. Scherffius, Atlanta, GA; and John E. Parker and Ronnie L. Crosby, of Peters, Murdaugh, Parker, Eltzroth & Detrick, P.A., Hampton, for respondents.

BURNETT, Justice:

Appellant Cancer–Immuno Biology Laboratory, Inc. (CIBL) appeals the trial court's order awarding respondent Gayle H. Taylor (Mrs. Taylor) attorney's fees and costs under the South Carolina Unfair Trade Practices Act (the UTPA).[1] S.C.Code Ann. § 39–5–140(a) (1985). We affirm.

## ISSUES

I. Does S.C.Code Ann. § 39–5–140(a) violate equal protection because it allows recovery of attorney's fees for successful plaintiffs but not for successful defendants?

II. Did the trial court abuse its discretion in awarding $500,000 in attorney's fees and $24,068 in costs?

## I.

 CIBL argues § 39–5–140 violates the United States and South Carolina Constitutions' equal protection provisions[2]

---

1. S.C.Code Ann. §§ 39–5–10 to –160 (1985).

2. U.S. Const. amend. XIV: S.C. Const. art. 1, § 3.

because it provides for recovery of attorney's fees to prevailing plaintiffs but not to prevailing defendants. CIBL relies on *Southeastern Home Building & Refurbishing v. Platt*, 283 S.C. 602, 325 S.E.2d 328 (1985).

Both the United States and South Carolina Constitutions forbid denial by the State of the equal protection of the laws. A court will declare a statute unconstitutional if its repugnance to the Constitution is clear beyond a reasonable doubt. "When the constitutionality of a statute awarding attorney's fees is questioned as a violation of equal protection, a court must determine whether the legislative classification is rationally related to the object of the statute." *Id.* at 603, 325 S.E.2d at 329.

In *Southeastern Home Building, id.*, the Court held an award of attorney's fees to prevailing plaintiffs but not prevailing defendants under the mechanics' lien statute violated equal protection. The Court determined giving priority to claims regarding work performed and materials furnished did not justify the classification. The Court noted, "[i]ndeed, authorizing fee awards to prevailing defendants, as well as plaintiffs, would not chill the laborer's right to seek relief in court." *Id.* at 604, 325 S.E.2d at 329.

On other occasions, however, the Court has upheld the statutory allowance of attorney's fees to prevailing plaintiffs but not to prevailing defendants. *See Bradley v. Hullander*, 277 S.C. 327, 287 S.E.2d 140 (1982) (securities fraud cases); *Coker v. Pilot Life Ins. Co.*, 265 S.C. 260, 217 S.E.2d 784 (1975) (bad faith denial of insurance claims); *see also Missouri, Kansas & Texas Railroad Co. of Texas v. Cade*, 233 U.S. 642, 34 S.Ct. 678, 58 L.Ed. 1135 (1914) (statute designed to promote prompt payment of small claims providing recovery of attorney's fees to plaintiffs but not defendants did not violate 14th Amendment). In *Bradley v. Hullander, supra* at 330, 287 S.E.2d at 141, the Court noted "[r]equiring the unsuccessful defendant to pay the plaintiff's attorney's fees is a legitimate tool in enforcing the underlying public policy of the statute."

In relevant part, Section 39–5–140(a) provides:

Upon the finding by the Court of the violation of [the UTPA], the Court shall award to the person bringing such

action under this section reasonable attorney's fees and costs.

The purpose of the UTPA is to discourage unfair methods of competition and unfair or deceptive acts in the conduct of any trade or commerce. § 39–5–20. To be actionable under the UTPA, the unfair or deceptive act or practice must have an impact upon the public interest. *York v. Conway Ford, Inc.*, 325 S.C. 170, 480 S.E.2d 726 (1997); *Daisy Outdoor Advertising Co., Inc. v. Abbott*, 322 S.C. 489, 473 S.E.2d 47 (1996).

The attorney's fee provision of § 39–5–140 is rationally related to the policy objectives of the UTPA. Allowing plaintiffs who successfully pursue an action under the UTPA to recover their attorney's fees encourages individuals to pursue litigation to protect the public interest. Similarly, requiring unsuccessful defendants to pay the plaintiff's attorney's fee discourages tradesmen from engaging in unfair methods of competition and unfair or deceptive acts in the conduct of trade or commerce, thereby also enforcing the purpose of the UTPA. We find the attorney's fee provision of the UTPA is a legitimate tool which supports the policy objectives of the statute. Consequently, the attorney's fee provision does not violate equal protection.

## II.

CIBL argues the lower court's award of $500,000 in attorney's fees and $24,068 in costs is excessive and not supported by the affidavits of Mrs. Taylor's attorneys. Specifically, CIBL contends the attorney's fee award is substantially more than Mrs. Taylor's trebled damages of $108,726. Additionally, CIBL claims the affidavits are insufficient because 1) they include estimates of time spent, 2) include time spent before the filing of the second amended complaint, and 3) fail to apportion time spent between claims against CIBL and claims against defendant Dr. Rajko D. Medenica.[3]

---

3. Briefly, Mrs. Taylor brought this action against Dr. Medenica and CIBL alleging negligence and violation of the UTPA. The jury returned a verdict in Mrs. Taylor's favor. The trial court required Mrs. Taylor to elect between recovery under negligence and the UTPA. Mrs. Taylor, CIBL, and Dr. Medenica appealed. This Court affirmed in part, re-

■ In determining a reasonable attorney's fee, the court should consider the following six factors: 1) the nature, extent, and difficulty of the case; 2) the time necessarily devoted to the case; 3) the professional standing of counsel; 4) the contingency of compensation; 5) the beneficial results obtained; and 6) the customary legal fees for similar services. *Jackson v. Speed,* 326 S.C. 289, 486 S.E.2d 750 (1997); *Blumberg v. Nealco, Inc.,* 310 S.C. 492, 427 S.E.2d 659 (1993). Consideration should be given to all six factors; none of the factors is controlling. *Baron Data Systems, Inc. v. Loter,* 297 S.C. 382, 377 S.E.2d 296 (1989). On appeal, an award for attorney's fees will be affirmed so long as sufficient evidence in the record supports each factor. *Jackson v. Speed, supra.*

■ The trial court considered each of the above factors in setting the attorney's fee award. The trial judge based his award on the affidavits submitted by Mrs. Taylor's three attorneys and the affidavit of an attorney who did not participate in this matter but attested the hourly rates and hours submitted were appropriate.[4] The trial judge noted he had presided over a number of the discovery motions in this case, all of the pretrial motions, and the two and one-half week trial. The court determined the amount of time estimated by Mrs. Taylor's attorneys, approximately 1500 hours, was appropriate, if not conservative. The court recognized all of Mrs. Taylor's attorneys were experienced and capable trial attorneys and agreed the hourly rates for each were appropriate. The court noted the attorneys had accepted this case on a contingency fee basis and opined it thought UTPA actions were one of the most difficult types of cases to try. The trial court recognized the beneficial results obtained by the attorneys, both in terms of the $108,726 recovered under the UTPA by Mrs. Taylor from CIBL and in terms of the public benefit in deterring CIBL from similar conduct.

---

versed in part, and remanded the matter to the trial court to consider Mrs. Taylor's application for attorney's fees and costs from the date on which she filed her second amended complaint alleging a violation of the UTPA. *Taylor v. Medenica,* 324 S.C. 200, 479 S.E.2d 35 (1996).

4. The trial court did not award attorney's fees for work performed by attorney Thomas C. Taylor since he was also a party to the action.

In addition, the trial court took judicial notice that CIBL vigorously contested Mrs. Taylor's claims it had violated the UTPA, thereby requiring Mrs. Taylor to present witnesses in response. Mrs. Taylor's experts testified CIBL's laboratory tests were excessive, "absolutely bizarre," and the results were questionable. One expert testified he believed the tests were conducted for the purpose of generating income. One witness testified there was no medical reason for any of the tests. Another witness testified the tests were painful to Mrs. Taylor yet medically worthless.

We have reviewed the affidavits submitted by counsel and agree they are somewhat deficient. One affidavit includes approximately 78 hours of time for work performed prior to the filing of Mrs. Taylor's second amended complaint. *See* footnote 3. Moreover, the affidavits do not specifically state the time spent on the UTPA claim against CIBL.

In spite of these deficiencies, we conclude there is evidence which supports the approximately 1500 hours of time spent by Mrs. Taylor's attorneys on this matter. The affidavits note the time spent by other attorneys and some legal professionals was not submitted for reimbursement.[5] The judge who presided over the majority of this matter stated the submitted time was, in his view, conservative. Furthermore, time spent is but one factor to consider in setting a reasonable attorney's fee. *Baron Data Systems, Inc. v. Loter, supra.*

With regard to the issue of estimates, two of the three affidavits state the attorneys did not keep records of the time spent on this case.[6] Nonetheless, the accompanying time sheets do list specific services rendered and the time spent performing each service. We conclude the affidavits and accompanying time sheets fairly reflect the time spent by the attorneys on this matter.

---

5. One attorney noted, at times, three or four lawyers in his firm performed work on Mrs. Taylor's case, however, he did not include their time in his submission. Another attorney averred two paralegals expended several hundred hours each on this matter, but he did not submit a record of their time.

6. We assume the attorneys meant they did not keep contemporaneous time records.

582

■ Finally, there is no requirement that an attorney's fee be less than or comparable to a party's monetary judgment. This Court has approved an award of attorney's fees where the fee substantially exceeded the actual recovery. *Baron Data Systems, Inc. v. Loter, id.*

We conclude the trial judge properly considered all six factors in determining the appropriate attorney's fee and find his decision awarding $500,000 in attorney's fees and $24,068 in costs[7] is supported by the record. *Jackson v. Speed, supra.*[8]

**AFFIRMED.**

FINNEY, C.J., MOORE and WALLER, JJ., and JASPER M. CURETON, Acting Associate Justice, concur.

---

7. CIBL offers no argument in support of its claim the costs awarded were inappropriate. Accordingly, we decline to address this issue. *First Savings Bank v. McLean,* 314 S.C. 361, 444 S.E.2d 513 (1994) (an issue which is not argued in the brief is deemed abandoned and precludes consideration on appeal).

8. Any request for costs incurred for this appeal must be submitted pursuant to Rule 222, SCACR.